[Crim. No. 16143. In Bank. July 11, 1972.]

THE PEOPLE, Plaintiff and Respondent, v.
JEROME KENNEDY KIRKPATRICK, Defendant and Appellant.

**COUNSEL**

Carson Taylor, under appointment by the Supreme Court, David B. Epstein under appointment by the Court of Appeal, Andersson, Litt, Lund & Tockman and Andersson, Epstein, Litt, Lund & Tockman for Defendant and Appellant.

Evelle J. Younger, Attorney General, Nelson P. Kempsky, John H. Darlington and Daniel W. McGovern, Deputy Attorneys General, for Plaintiff and Respondent.

---

**OPINION**

**McCOMB, J.**—The only issues raised on this appeal are (one) whether the conviction must be reversed because the pleas of guilty to a charge of burglary in the second degree (Pen. Code, § 459) in action No. A-543205 and to a charge of receiving stolen property (Pen. Code, § 496) in action No. A-581416, were properly received under the standards set forth in *Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]; *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449]; *People* v. *Rizer* (1971) 5 Cal.3d 35 [95 Cal.Rptr. 23, 484 P.2d 1367]; and *In re Sutherland* (1972) 6 Cal.3d 666 [100 Cal.Rptr. 129, 493 P.2d 857]; and (two) whether defendant was deprived of his right to a speedy trial as guaranteed by the state Constitution (art. I, § 13) and by statute (Pen. Code, § 1382).

We conclude that the guilty pleas are invalid because the record does not affirmatively show that defendant was informed of two of the three constitutional rights he surrendered by virtue of his plea and it does not show that he waived any of these rights. We find no denial of defendant's right to a speedy trial.

In action No. A-543205 Jerome Kennedy Kirkpatrick was charged with burglary of a motel on January 7, 1969. In action No. A-581416 defendant was charged with a burglary on August 25, 1968, and with assault with a deadly weapon on that date (Pen. Code, §§ 459, 245). It was the People's theory that there was a strong common bond between the two burglaries. At the preliminary hearing they presented evidence that one of the objects taken in the 1968 burglary was a credit card which was presented at the motel on January 7, 1969, by defendant's wife, Nancy Diane Kirkpatrick, when they registered, that Kirkpatrick had then picked

up the credit card, that at that time he intended to steal from inside the motel room, that shortly thereafter he and his codefendant were apprehended carrying two television sets from the motel and that this credit card was on his person when arrested. The People's motion for joinder, for trial purposes only (Pen. Code, § 954), was granted over Kirkpatrick's objections.

### Entry of Guilty Pleas

After continuances in each action, they were transferred for trial on June 6, 1969, to Department 74. The court first announced that it understood that there was a desire to make a disposition of these cases in court. The People stated that first there was a motion to amend information No. A-581416 to add a third count charging the crime of receiving stolen property (Pen. Code, § 496). Deputy Public Defender Horne advised that Kirkpatrick waived further reading of the amended complaint, that Kirkpatrick was ready to enter a plea to the amended third count in No. A-581416, and that he was ready to plead to second degree burglary, a lesser included offense than that originally charged in No. A-543205.

Before accepting these pleas, a *voir dire* hearing was held to ascertain whether Kirkpatrick was entering such pleas freely, voluntarily, and with a full understanding of the consequences of the waiver of a trial. Review of the record fails to reveal an affirmative showing that Kirkpatrick was advised of his constitutional right to confrontation of witnesses and to his privilege against compulsory self-incrimination or that he waived these rights.

A *general* showing was made from which it could be inferred that Kirkpatrick was aware of these rights, that he was willing to waive them, and that he intended to waive them at the time he pleaded guilty on June 6, 1969. He stated on *voir dire* before making his pleas that he was aware of his "constitutional rights"; that he knew that he was entitled to a court trial or to a jury trial and that he waived trial; that he was voluntarily pleading guilty because he was in fact guilty; that he had been informed that charges in a pending third action would be dismissed; and that he had been informed that he would be sentenced in these two actions only on what he was pleading to. Obviously there was a plea bargain.[1] This general showing is not sufficient compliance with the "affirmative record" requirements of *Tahl-Boykin*. These requirements apply even when a showing is made, or as here inferred, that a guilty plea was entered pursuant to a bargain. *(In re Sutherland, supra,* 6 Cal.3d 666, 669-671.)

---

[1] The two original counts in No. A-581416 were dismissed at the time of sentence. The charges in the third action were subsequently dismissed.

There is other evidence in the record which would support a reasonable inference that Kirkpatrick was aware of the rights he was surrendering by his entry of guilty pleas. On the day preceding his entry of these pleas he had appeared for probation and sentence hearing before the same judge following a jury trial in a fourth case; he independently sought discovery of the witnesses and evidence against him in the present cases; in pretrial petitions filed by him personally he alleged deprivation of *Fifth and Sixth Amendment rights;* and in a pretrial motion in the present actions he was given a copy of the standard printed form entitled Petition to Proceed in Propria Persona (so that the court could entertain his motion to so proceed). This form recites, in legible print in the opening paragraph, the constitutional rights of an accused in a criminal trial and requires the signature of the accused, and the date thereof, to be entered immediately under such recitation as well as at the end of the petition. It was not signed by him in either place.

The only reason stated by him for not signing was that he could not, under penalty of perjury aver, as required by item 11, that deputies of the public defender's office were able to intelligently and competently handle criminal cases. He did fill out many of the other items. An inference could be drawn that he read and at least as of that time he understood all of its provisions. Considered in context with his many petitions and his intelligent and wary responses and questions in court it could be concluded that he knew in waiving his right to a trial he was waiving not only his right to be tried by a jury but to be free from personally testifying at the trial and incriminating himself and to give up the right to cross-examine the witnesses who might appear against him; also that his decision to voluntarily enter a plea of guilty might have been influenced by his knowledge of the evidence presented against him at the preliminary and the fact that he was not able to obtain witnesses to establish his own defense.

*Boykin* v. *Alabama, supra,* 395 U.S. 238, "necessitates a more precise showing on all phases of a guilty plea than mere inferences however plausibly drawn from circumstances on the record" (*In re Tahl, supra,* 1 Cal.3d at pp. 131-132), and *Tahl* "makes it clear that its requirements are applicable to guilty pleas accepted after *Boykin*" (*People* v. *Rizer, supra,* 5 Cal. 3d 35, 43). These pleas were entered four days after *Boykin* was filed. The record does not make the affirmative showing required by *Boykin-Tahl.*

### Right to a Speedy Trial

The record shows that jury trials were set, on Kirkpatrick's motion in each action, for April 14, 1969, although the cases were then pending in departments of the superior court located in different areas of the

county. In No. A-543205 Kirkpatrick admittedly consented to continuances to May 1.

No. A-581416 was called for trial on April 14, but the trial date was vacated because Kirkpatrick was not present in court on that date. On April 21 defense counsel advised that the defense was ready for trial, with the exception of pretrial motions. The matter was trailed until the following day. The pretrial motions were heard on April 22d. The trial continued to trail to the 23d, 24th, 25th, 28th, and 29th. On the 28th the district attorney requested that A-543205, then set for trial in a Pasadena department of the court for May 1, be transferred to this court for the purpose of making a motion on the 29th for consolidation for trial only. The time during which the case was kept on the trailing calendar was within the statutory time provisions of section 1382 of the Penal Code.[2]

On April 29 the matter was continued on motion of defense counsel to May 22, minute order for that date reads: "Cause is called for trial. On motion of the defendant, to obtain material witnesses, cause is continued to May 22, 1969 at 9:00 a.m. in Department 113. Defendant personally does not waive time. Remanded." On May 22 the matter was called for trial and was trailed to the 23d. On the 23d the motion for consolidation for trial only was argued and granted. The minute order recites that on that date "Motion of the defendant to continue is denied." The matter trailed to May 26; on that date it was trailed to the 27th (minute order reciting that this was done "due to congestion of calendar"), and on the 27th it was continued to the 28th (minute order reciting that this was done on motion of defendant "time needed for further investigation").

On May 28 a courtroom was available and the case was called for trial. The prosecution was ready with about 14 witnesses. Deputy Public Defender Horne advised that in his opinion the defense was not ready for trial. However, he moved to dismiss both cases for lack of a speedy trial! On denial of this motion he moved for a continuance for the purpose of seeking out and interviewing witnesses. The People objected, stating that they were ready to proceed and that their witnesses were greatly inconvenienced "by having to wait on the defendant's pleasure as to when he

[2]Penal Code section 1382 provides, in pertinent part: "The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases: . . . 2. When a defendant is not brought to trial in a superior court within 60 days after the . . . filing of the information . . . except that an action shall not be dismissed under this subdivision if it is set for trial on a date beyond the 60-day period at the request of the defendant or with his consent, express or implied, or because of his neglect or failure to appear and if the defendant is brought to trial on the date so set for trial or within 10 days thereafter."

wants to go to trial." The court asked Kirkpatrick if he wanted the continuance requested by his counsel, if he waived time in each case, and if he fully understood his rights in this respect. Kirkpatrick grudgingly, but affirmatively, conceded that he knew his rights and waived them. Deputy Horne then requested a two weeks' continuance. The court granted only one, setting trial for June 4th. On the 4th it was trailed "due to congestion of the calendar" to the 5th and then to the 6th. On the 6th it was called for trial and Kirkpatrick entered pleas of guilty in each action.

The record thus shows that the continuances beyond the 60-day statutory period were either at the request of defendant and/or his counsel or were within the extra time allowed by section 1382 of the Penal Code after consented to continuances, and that "good cause to the contrary" was shown in support of the court's action in denying motions to dismiss under section 1382 of the Penal Code.

Lack of an adequate defense or inability to locate witnesses by the defense is not grounds for such dismissal. This court's language in *People* v. *Clark* (1965) 62 Cal.2d 870, 886 [44 Cal.Rptr. 784, 402 P.2d 856], wherein we stated ". . . we are unable to understand why [defendant's] counsel would require more time to prepare than is provided, by statute, for the maximum lapse between indictment and trial" is not to be taken as holding that every accused person is entitled to a dismissal if his counsel, however diligent, is unable to find witnesses necessary for his defense. The court has discretion to allow reasonable continuances to the defense for the purpose of finding such witnesses or other necessary evidence.

The attorney has the exclusive right to appear for the accused and control the proceedings (*People* v. *Merkouris* (1956) 46 Cal.2d 540, 554 [297 P.2d 999]) and it cannot be said that the continuances requested by defense counsel herein were not reasonable. At no time was defendant ready for trial. No showing has been made that the defense was thwarted by state action in the preparation of his defense. No showing has been made of prejudice suffered by defendant from the continuances granted. Such showing is required (*People* v. *Wilson* (1963) 60 Cal.2d 139 [32 Cal.Rptr. 44, 383 P.2d 452], "Remedies for Enforcing the Right to a Speedy Trial" pp. 148-150) where defendant fails to apply to an appellate court for a prerogative writ prior to trial. The burden is thus upon Kirkpatrick to show that the error complained of was prejudicial and resulted in a miscarriage of justice (Cal. Const., art. VI, § 13). This he has not done.

### *Record on Appeal*

Kirkpatrick alleges that the record on appeal is incomplete and incorrect, particularly alleging that although there is a clerk's transcript for April 29,

1969 (hereinabove quoted), there is no reporter's transcript for that date and the reporter's transcript for the preceding date concludes with the statement "(Whereupon the proceedings were recessed until the following day, Tuesday, April 29, 1969; however, no proceedings were held in the matter.)."

This issue was raised after conviction in the trial court and in the appellate courts, and further review is now foreclosed.[3]

No grounds for reversal are shown on the basis of the claimed denial of a right to a speedy trial.

Reversal must be ordered, as hereinabove indicated, for repleading. Since by granting this relief we are in effect permitting Kirkpatrick to withdraw his guilty pleas the ends of justice require that the *status quo ante* be restored by reviving the dismissed counts and requiring defendant to plead to the counts as originally charged as well as to the count added by amendment in action No. A-581416. (See *In re Sutherland, supra,* 6 Cal.3d 666, 672.)

Judgments are reversed and remanded for further proceedings in accordance with the views herein expressed.

Wright, C. J., Peters, J., Tobriner, J., and Sullivan, J., concurred.

**BURKE, J.**—I concur under the compulsion of *People* v. *Rizer,* 5 Cal.3d 35 [95 Cal.Rptr. 23, 484 P.2d 1367].

---

[3]On March 20, 1970, certificate of probable cause for appeal was granted which ordered that the transcript on appeal should specifically include "all verbal courtroom dialogue regarding petitioner and his case in each and every Superior Court appearance in both of the above entitled cases." Motions for correction of the record were addressed to various judges of the superior court, to the Court of Appeal and to this court. (See order correcting record on appeal filed November 23, 1970, by Superior Judge George M. Dell; Kirkpatrick on Habeas Corpus, Crim. 14750 denied by this court August 5, 1970; Kirkpatrick v. Court of Appeal, L.A. 29850, petition for mandamus and/or prohibition denied by this court February 17, 1971.)