[Civ. No. 42395. Second Dist., Div. Three. Oct. 31, 1973.]

ALLENA JUNE HARRIS, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

---

**COUNSEL**

Richard S. Buckley, Public Defender, Michael Adelson and Dennis A. Fischer, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Joseph P. Busch, District Attorney, Harry B. Sondheim and Robert J. Lord, Deputy District Attorneys, for Real Party in Interest.

---

**OPINION**

**ALLPORT, J.**—On June 18, 1973, this court made an order staying all further proceedings in the case of People v. Harris, Los Angeles County Superior Court case number A 265568. On August 1, 1973, we issued an order to show cause why a peremptory writ of prohibition should not issue compelling dismissal of said action, the stay order to remain in effect pending determination of the petition for the writ.

The record discloses that on April 14, 1971, petitioner was convicted of possession of heroin. On September 11, 1972, division one of this court, in an unpublished opinion, 2d Criminal number 20696, reversed the judgment upon the ground that the trial court erred in refusing to compel disclosure of the name of an informant who was determined to be a material witness. A hearing was denied November 9, 1972, by the Supreme Court.

Criminal proceedings were resumed on January 4, 1973. On that date the People disclosed the name of the informer to be Paul Rank. Rank's whereabouts were no longer known to the authorities. After a lengthy hearing on the question of the informer's whereabouts and availability the court ruled on January 12, 1973, that, as of that date, the People had

shown due diligence with regard to locating Rank following reversal of the judgment.[1] The cause was then reset for trial on April 3, 1973, and continued to June 21, 1973. Trial is now stayed pending our decision herein.

It is contended that the People's improper refusal to disclose the identity of the informant at the first trial and the failure thereafter to maintain reasonable efforts to locate him during the period following conviction and prior to reversal coupled with his disappearance will, on retrial, deprive petitioner of a fair trial and that consequently it was error to deny her motion to dismiss. To the contrary the People argue that the trial court's ruling on the question was both legally and factually sound and determinative of the petition. The denial of the motion to dismiss the information, made after an in depth hearing on the question of reasonableness of the efforts made to locate the informant following reversal, was based upon the trial court's findings and conclusions expressed as follows: "THE COURT: I think their duty ended in this case when the trial was over; that it was reinstated when the Court of Appeal reversed it; and that they have to show due diligence to this date with regard to finding him.

"I think they have as of this date. But as I indicated this morning, it is a continuing obligation right down to the time of trial for them to make continuing efforts to find him, including, I think, going out to check out whether that is his parents' home, and if so, maybe even stakeout around there until they do show up. They may be out of town temporarily and will return."

It appears to be conceded and we conclude that the court's implied finding of due diligence to locate made by the prosecution following reversal finds ample support in the testimony of the witnesses Sakoda, McKnight and Perkins. The question remaining for resolution by this court is whether or not the constitutional guarantees of a fair trial and due process will be preserved to petitioner on retrial under the circumstances of the case.

A number of cases in recent years have established that upon request the People must disclose the identity of an informer determined to be a material witness on the issue of guilt or incur the penalty of dismissal (*Theodor* v. *Superior Court,* 8 Cal.3d 77, 87-90 [104 Cal.Rptr. 226, 501

[1]On January 4, 1973, Sergeant Sakoda testified that he had previously revealed the name of the informant in an in-camera hearing in department 104 before Judge Charles H. Older. However reference to a transcript of proceedings before Judge Older held March 1, 1971, reveals that Sakoda claimed the privilege under Evidence Code section 1041 not to disclose the name.

P.2d 234]; *People* v. *Hunt,* 4 Cal.3d 231, 238-241 [93 Cal.Rptr. 197, 481 P.2d 205]; *Price* v. *Superior Court,* 1 Cal.3d 836, 842-844 [83 Cal. Rptr. 369, 463 P.2d 721]; *Honore* v. *Superior Court,* 70 Cal.2d 162, 167-170 [74 Cal.Rptr. 233, 449 P.2d 169]) and have set forth the duty of the People to undertake reasonable efforts to locate such an informant or to obtain sufficient information in order that he may be located (*People* v. *Goliday,* 8 Cal.3d 771, 778 [106 Cal.Rptr. 113, 505 P.2d 537]; *Eleazer* v. *Superior Court,* 1 Cal.3d 847, 852-853 [83 Cal.Rptr. 586, 464 P.2d 42]). However, as far as we have been able to determine no California court has heretofore been required to consider the effect of reversal of a judgment of conviction for the failure of the prosecution to disclose such information upon a retrial of the cause.

It has been established as the law of the instant case (*People* v. *Harris,* 2d Crim. No. 20696)[2] that the informant was a material witness on the question of guilt whose identity should have been disclosed under penalty of dismissal because his testimony might well have permitted the drawing of reasonable inferences pointing to petitioner's innocence. The underlying rationale of this decision and of the cases cited above is that nondisclosure would deprive an accused of a fair trial in violation of due process of law. Here the original refusal of the People to disclose the name of the informant coupled with circumstances beyond control of petitioner has deprived petitioner of information already determined essential to her having a fair trial. Under the circumstances no showing short of actual disclosure of the name and whereabouts of the informant can suffice to remedy the situation. If the original trial without this information was unfair, a retrial sans same would be nothing but a replay of a constitutionally defective record. If any party must suffer the consequences of the prosecution's original decision to refuse disclosure of the identity of the informer in this case it must be the People and not the accused. Our conclusion in this respect is compelled by *Goliday, Eleazer* and *Honore, supra.*

The People's reliance upon *People* v. *Hammond,* 54 Cal.2d 846, 851-852 [9 Cal.Rptr. 233, 357 P.2d 289], is misplaced. In *Hammond* the name of the informer was disclosed to defendant at a preliminary hearing stage of the proceeding but his intervening death foreclosed his being called as a witness. The court, after concluding that the value of the informer's testimony was problematical, held the delay in being furnished the name was initiated by defendant and therefore such was not a basis for complaint. *Hammond* did not involve a second trial after an erroneous refusal to

---

[2]See proposed rule 977, California Rules of Court, re citation of unpublished opinions.

disclose and for that and other reasons is factually distinguishable and not controlling of our decision herein.

The People, without citation of authority, suggest that prohibition is not a proper remedy in this case since the trial court ordered continuing efforts be made by the prosecution to locate the informant up to and including the day of trial and permitted a renewal of the motion to dismiss at that time. We are unimpressed with the argument. As indicated above retrial was set for June 21, 1973, but stayed by order of this court on June 18, 1973. To that date the informer had not been located and presumably that situation prevails at the present and will remain so for an indefinite time in the future. It appears that, under the circumstances and for practical considerations readily apparent, the cause should be dismissed at this time.

The alternative writ heretofore issued is discharged. The stay order of June 18, 1973, is vacated. Let the peremptory writ of prohibition issue as prayed restraining respondent court from conducting further proceedings in the action except to dismiss the action and accordingly the respondent court is ordered to dismiss the action forthwith as to Allena June Harris.

Ford, P. J., and Cobey, J., concurred.

A petition for a rehearing was denied November 14, 1973.