## GREGORY MAINES, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 7345

June 25, 1974                    523 P.2d 420

*Rodlin Goff,* State Public Defender, Carson City, for Appellant.

*Robert List,* Attorney General, Carson City; *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

This appeal is from an order denying a petition for habeas relief, presented under the provisions of Nevada's post-conviction procedure statutes. NRS 177.315 to NRS 177.385.

NRS 177.375(1) provides: "If the petitioner's conviction was upon a plea of guilty, all claims for post-conviction relief are waived except the claim that the plea was involuntarily entered." In our view, when the district court accepted appellant's plea of guilty to Counts I and II of the information against him, the court adequately canvassed him to assure that the plea was made voluntarily with understanding of the nature of the charge and consequences of the plea. NRS 174.035(1); Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); Heffley v. Warden, 89 Nev. 645, 516 P.2d 1403 (1973).

Moreover, appellant's further contention, that he possessed a legal defense to Count II of the information, because it had once been dismissed pursuant to bargained plea of guilty to Count I of the information, is not well taken. Where, as occurred in this case, the count is dismissed as part of a bargained plea which is later repudiated by a defendant, the charge may be reinstated against him. See: People v. Kirkpatrick, 498 P.2d 992 (Cal. 1972); In Re Sutherland, 493 P.2d 857 (Cal. 1972).

Affirmed.