[S.F. No. 23107. In Bank. July 11, 1974.]

JOSEPH BELLIZZI, Petitioner, v.
THE SUPERIOR COURT OF STANISLAUS COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

---

COUNSEL

Robert R. Elledge for Petitioner.

No appearance for Respondent.

Evelle J. Younger, Attorney General, Jack R. Winkler and Edward A. Hinz, Jr., Chief Assistant Attorneys General, Doris H. Maier and William E. James, Assistant Attorneys General, Arnold O. Overoye, Roger E. Venturi and Allen R. Crown, Deputy Attorneys General, for Real Party in Interest.

---

OPINION

**BURKE, J.**—The People's failure to comply with a pretrial discovery order led to the dismissal of drug charges against petitioner. Two days later, a new complaint was lodged against petitioner containing the same charges. In the interim, however, a witness assertedly favorable to petitioner evidently left the state upon learning of the dismissal and has not been located since. The question arises whether, under these circumstances, petitioner's inability to call this witness in his defense at his forthcoming trial constitutes a denial of his right to due process of law. A subsidiary question is whether the People's decision to refile the charges rather than appeal the dismissal order has deprived petitioner of his right to a speedy trial.

We have concluded that the unavailability of petitioner's witness was not attributable to any impropriety on the People's part and that the prosecution acted with reasonable dispatch in attempting to bring petitioner to trial. Accordingly, the instant petition to restrain further proceedings in this case should be denied.

The charge brought against petitioner (Health & Saf. Code, § 11501) is based upon an alleged sale of heroin to David Morrow, a paid police informant. Petitioner was indicted for the offense and a jury trial scheduled

for June 4, 1973. Petitioner moved for discovery of the names and addresses of all prospective prosecution witnesses and the court so ordered. Although the People disclosed informant Morrow's name and made him available to petitioner's counsel for pretrial examination, Morrow's address was not revealed (evidently because the People feared for his safety). Accordingly, the trial court granted petitioner's motion to dismiss the action in the interest of justice (Pen. Code, § 1385). Instead of taking an appeal from the dismissal (Pen. Code, § 1238, subd. (a)(8)), the prosecution exercised its statutory right (see Pen. Code, §§ 1387, 1382, subd. 2), and filed a new complaint containing the same charge set forth in the indictment. The new complaint was filed on June 6, two days following the entry of the trial court's dismissal order.

At the preliminary hearing which followed, informant Morrow testified that he had purchased heroin from petitioner at petitioner's home on the evening of January 31, 1973. Morrow further testified that a third person, Hal Evans, had been present at petitioner's home that evening but had temporarily left the house during the actual purchase of heroin from petitioner. It now appears that Evans, having learned of the June 4 dismissal of charges against petitioner, left town and cannot be located. It is the alleged present unavailability of Evans as a defense witness which gives rise to petitioner's contention that he cannot obtain due process in the forthcoming trial.

## 1. *Due Process of Law*

■ Generally, an accused is not entitled to a dismissal simply because he is unable to produce witnesses assertedly necessary to his defense. (*People v. Kirkpatrick,* 7 Cal.3d 480, 486 [102 Cal.Rptr. 744, 498 P.2d 992].) The rule is otherwise, however, where it is shown that the prosecution has wrongfully deprived an accused of the opportunity to secure the presence of a material witness. This was made clear in *People* v. *Kiihoa,* 53 Cal.2d 748 [3 Cal.Rptr. 1, 349 P.2d 673], in which we held that it was a denial of due process for the People to defer prosecution of the defendant until a police informant who was a material witness had left the jurisdiction.

■ Petitioner contends that under the rationale of *People* v. *Kiihoa, supra,* 53 Cal.2d 748, the filing of a new complaint in the instant case constituted a similar denial of due process. We disagree. The fundamental due process principle underlying *Kiihoa* is that the prosecution may not deprive an accused of the *opportunity* to present material evidence ·which might prove his innocence. Even if the prosecution's motives are "praiseworthy,"

they cannot prevail when they *"inevitably* result, intentionally or unintentionally, in depriving the defendant of a fair trial." (Italics added; *id.* at p. 754.) Significantly *Kiihoa* involved the unavailability of a police informant.[1] As such, the witness was in contact with, and under the control of, the prosecution. Realistically only the prosecution could have assured the witness' presence at trial and thus fairness required that the People, rather than the defendant, bear the responsibility for maintaining that witness' availability.[2] (See *Eleazer* v. *Superior Court,* 1 Cal.3d 847 [83 Cal.Rptr. 586, 464 P.2d 42].)

In contrast, in the instant case, witness Evans was a friend of petitioner and had agreed to testify in his defense. When the charges against petitioner were ordered dismissed, petitioner or his counsel should have realized that the prosecution could either appeal that order[3] or refile the charge in a new action.[4] Inasmuch as it was petitioner who informed witness Evans of the dismissal, he had ample opportunity to ascertain Evans' future plans so that he could reach him in the event a trial ultimately were held. Since Evans' unavailability as a defense witness cannot be said to be the "inevitable" result of the People's action or omission, it would be unreasonable to hold the People accountable therefor.

---

[1]The instant case also involves a police informant, Morrow, and, as stated above, the nondisclosure of the latter's address led to dismissal of the original indictment. Petitioner does not here contend, however, that Morrow will be unavailable as a witness in the forthcoming trial or that the People's refusal to furnish Morrow's address itself violated due process.

[2]Similarly, *Harris* v. *Superior Court,* 35 Cal.App.3d 24 [110 Cal.Rptr. 400], also relied upon by petitioner, is not controlling. In that case defendant's conviction was reversed on the ground that the trial court had erred in refusing to compel disclosure of the identity of a police informant who was a material witness. By the time the proceedings were reinitiated the informant had disappeared. The court held that further prosecution would constitute a denial of due process, reasoning that "the original refusal of the People to disclose the name of the informant *coupled with circumstances beyond control of petitioner* has deprived petitioner of information already determined essential to her having a fair trial." (Italics added; *id.,* at p. 27.) *Harris,* like *People* v. *Kiihoa, supra,* 53 Cal.2d 748, deals only with the situation in which a *police informant* who is a material witness becomes unavailable. The common sense rationale of *Kiihoa* and *Harris,* that the People must bear the responsibility of producing their own agents and informants, is inapplicable where, as in the instant case, the defendant has ample opportunity to assure his witness' presence at trial.

[3]The order of dismissal was an appealable order (Pen. Code, § 1238, subd. (a)(8)), and the People would have had 60 days within which to file the notice of appeal (rule 2(a), and rule 31(a), Cal. Rules of Court).

[4]An order for the dismissal of a felony action made before jeopardy has attached is not a bar to further prosecution (Pen. Code, § 1387), and upon refiling the 60-day time period within which to bring defendant to trial (Pen. Code, § 1382, subd. 2), starts anew (*People* v. *Faulkner,* 28 Cal.App.3d 384, 395 [104 Cal.Rptr. 625]).

## 2. *Right to Speedy Trial*

■ Petitioner also contends that the People's decision to refile the charge rather than appeal the dismissal order has deprived him of his right to a speedy trial. His contention, however, is without merit.

It is well established that the 60-day statutory period within which defendant must be brought to trial (Pen. Code, § 1382, subd. 2), begins anew with the filing of the new indictment. (*People* v. *Godlewski,* 22 Cal.2d 677, 683 [140 P.2d 381]; *People* v. *Faulkner, supra,* 28 Cal.App.3d 384, 395.) In the instant case the People refiled charges against petitioner two days after dismissal of the original proceedings and rearrested him six days later. All delays beyond the applicable 60-day period have been requested by or granted with the consent of petitioner. The People have thus clearly complied with the statutory requirements.

Nevertheless, the prosecution's statutory right to refile cannot infringe upon petitioner's constitutional right to a speedy trial. To hold, however, that petitioner had been denied a speedy trial as a result of prosecutorial delay in this case would require us to find that the prejudicial effect of the delay outweighed any justification for it. (*Jones* v. *Superior Court,* 3 Cal. 3d 734, 740 [91 Cal.Rptr. 578, 478 P.2d 10]; see *Sykes* v. *Superior Court,* 9 Cal.3d 83 [106 Cal.Rptr. 786, 507 P.2d 90].)[5] Of course, in performing this balancing test, we consider and weigh only that "prejudice" for which petitioner was not responsible. As noted above, petitioner in the instant case was in contact with his friend, witness Evans, and yet failed to take steps to assure that Evans would remain available to testify. If petitioner's negligence is a significant factor in causing the alleged prejudice, he should not be entitled to assert such prejudice as a ground for speedy trial relief.

The petition for a writ of prohibition is denied.

Wright, C. J., McComb, J., and Clark, J., concurred.)

**MOSK, J.**—I dissent.

Whether deliberately or inadvertently, the obdurate refusal of the prosecutor to comply with a valid court order was directly responsible for the denial of a speedy trial to this defendant. The seven-month delay has been

---

[5]Our conclusion remains the same if we employ the "ad hoc balancing test" of *Barker* v. *Wingo,* 407 U.S. 514, 530 [33 L.Ed.2d 101, 116-117, 92 S.Ct. 2182], which requires consideration of such factors as the length of the delay, the reason for the delay, the defendant's assertion of his right, and the prejudice to the defendant in appraising a claimed denial of his right to a speedy trial under the Sixth Amendment to the United States Constitution. Here, as noted above, the delay was minimal and, in any event, whatever prejudice defendant may have suffered was primarily attributable to his own neglect.

demonstrably prejudicial and will likely prevent a fair trial. It follows that defendant is entitled to the relief he seeks.

The issue was properly analyzed in the Court of Appeal opinion written by Justice Franson and concurred in by Presiding Justice G. A. Brown and Assigned Justice Thompson. I adopt their opinion as my dissent:*

On April 18, 1973, the Grand Jury of Stanislaus County indicted petitioner, charging him with a sale of heroin on January 31, 1973, in violation of Health and Safety Code section 11501 (now § 11352). Petitioner entered a plea of not guilty and a jury trial was scheduled for June 4, 1973.

On May 31, 1973, petitioner moved for discovery of the names and current addresses of all prospective witnesses who would be called to testify by the prosecution at the trial. On June 1, the court ordered the prosecution to furnish the petitioner with "the names and current addresses of all persons who will be called to testify at the trial of the within action, particularly including the current address of [David] Morrow." The prosecution refused to comply with the order, and on June 4, 1973, prior to the commencement of trial, the action was dismissed.

Thereafter, on June 6, 1973, the People filed a complaint against petitioner containing the same charges as in the indictment.[1] On June 29, and July 16, a preliminary hearing was held and at the conclusion thereof, petitioner moved to dismiss the action because he was unable to produce Hal Evans who he contended was a material witness to the charge pending against him. Petitioner asserted that his inability to produce this witness was caused by the delay in prosecution which had resulted from the district attorney's refusal to furnish Morrow's address when petitioner was first

---

*Brackets together, in this manner [ ] without enclosing material, are used to indicate deletions from the opinion of the Court of Appeal; brackets enclosing material (other than editor's added parallel citations) are, unless otherwise indicated, used to denote insertions or additions. (See *Chicago Title Ins. Co.* v. *Great Western Financial Corp.* (1968) 69 Cal.2d 305, 311, fn. 2 [70 Cal.Rptr. 849, 444 P.2d 481], and cases cited.)

[1]Inasmuch as the order of dismissal was an appealable order (Pen. Code, § 1238, subd. (a)(8)) we presume that when the People elected to refile the charges against petitioner rather than seek appellate review of the order of dismissal they recognized the propriety of the order requiring the production of the address of Morrow and intended to furnish the address to avoid another dismissal. The duty to disclose information as to the whereabouts of a material witness is clear. (*Smith* v. *Illinois,* 390 U.S. 129, 131-133 [19 L.Ed.2d 956, 958-960, 88 S.Ct. 748, 750]; *Eleazer* v. *Superior Court,* 1 Cal.3d 847, 853 [83 Cal.Rptr. 586, 464 P.2d 42]; *People* v. *Mascarenas,* 21 Cal.App.3d 660, 666-668 [98 Cal.Rptr. 728]; *People* v. *Helmholtz,* 10 Cal.App.3d 441, 446 [88 Cal.Rptr. 743]; see also Evid. Code, §§ 1041, 1042.)

charged with the offense. The motion was denied and petitioner was held to answer to the superior court.

On July 20, 1973, an information was filed against petitioner; he again was arraigned, entered a plea of not guilty and the case was set for trial on September 17, 1973.

On August 31, 1973, petitioner moved to dismiss the action upon the grounds that he had been denied due process of law and the right to a speedy trial as a result of the unjustified delay in prosecution which resulted in his being deprived of a material witness.

On September 7, petitioner's motion to dismiss came on for hearing. The district attorney produced Marian Evans, mother of Hal Evans, who testified that her son's current address was 355 Columbia Street, Bend, Oregon. The respondent court issued a certificate to the Circuit Court of the State of Oregon for Deschutes County specifying that Evans was a material witness and asking that he be required to attend the proceedings in the instant action.

On September 18, 1973, defense counsel and the district attorney indicated that witness Evans could not be found at the Oregon address and that his whereabouts was unknown. Petitioner's motion to dismiss was denied and the case was continued for trial to October 23, 1973, and thereafter continued again to November 7. On October 24, the instant petition for extraordinary relief was filed with this court, and on November 16 we issued an order to show cause as to why the action should not be dismissed. [ ]

Petitioner's declaration in support of his motion to dismiss states that he had known Hal Evans personally for approximately 11 years and saw him frequently between December 1, 1972, and June 4, 1973. The last time he saw Evans was on the morning of June 4 at about 11 a.m. at the residence of Joel Zamora, which is one of the places Evans told him that he could be reached whenever petitioner wanted him for the purpose of testifying at his trial. Evans had promised him that he would be available to testify at the trial scheduled for June 4. When petitioner saw Evans on the morning of June 4, he told Evans that the charges had been dismissed.

Petitioner's declaration further states that Evans was present at petitioner's residence at the time of the alleged sale; that he is informed and believes that Evans would testify that no sale of any narcotic substance was made by petitioner at the time to anyone; that Evans was present in peti-

tioner's residence during all of the time that David Morrow was there with the exception of approximately 30 seconds to one minute when he stepped onto the front porch and then returned to the living room.

Petitioner states that since he was rearrested on June 12, 1973, because of the refiling of the charges against him, he has made extended efforts to locate Evans and has contacted numerous friends of Evans to see if he could ascertain his whereabouts but to no avail. [ ]

Petitioner contends that to force him to trial without the benefit of Evans' testimony would be a denial of his right to a fair trial. We conclude that petitioner's contention has merit.

Normally, an accused is not entitled to a dismissal simply because he is unable to produce witnesses necessary to his defense. He, of course, is entitled to a reasonable continuance to locate the witness but if he is not successful he nevertheless must stand trial. (*People* v. *Kirkpatrick,* 7 Cal.3d 480, 486 [102 Cal.Rptr. 744, 498 P.2d 992].)

However, the rule is otherwise where it is shown that the defendant has been deprived of the testimony of a material witness because of improper conduct on the part of the prosecution. In *Harris* v. *Superior Court,* 35 Cal. App.3d 24 [110 Cal.Rptr. 400], the defendant was convicted of possession of heroin. On appeal the judgment was reversed on the ground that the trial court erred in refusing to compel disclosure of the name of an informer who was determined to be a material witness. Thereafter, criminal proceedings were resumed against the defendant and the prosecution disclosed the name of the informant. By this time, however, the informant had disappeared and he could not be located. In ordering the action dismissed, the reviewing court held that the People's improper refusal to disclose the identity of the informant at the first trial, coupled with his later disappearance, would, on retrial, deprive the defendant of a fair trial. The court held that if any party must suffer the consequences of the prosecution's original decision to refuse disclosure of the identity of the informer it must be the People and not the accused.

In *People* v. *Kiihoa,* 53 Cal.2d 748 [3 Cal.Rptr. 1, 349 P.2d 673], the prosecution in a narcotics case chose to release the defendant after arrest rather than disclose the identity of the informant who was a material witness and deferred prosecuting the defendant for some five months until the informant had left the state, thereby rendering himself immune from process. In reversing the conviction, the Supreme Court held that a denial of a

fair trial and due process would exist "where the prosecution is allowed to control the course of the proceedings in a manner which would prevent the accused from presenting material evidence." It was noted that it is the duty of the district attorney not to obtain convictions but to fully and fairly present to the court the evidence material to the charge upon which the defendant stands trial, and it is the duty of the trial judge to see that facts material to the charge are fairly presented so that the constitutional guaranties of the defendant are not violated.

By clear analogy the due process standard enunciated in *Harris* and *Kiihoa* is applicable to the case at bench. To force petitioner to trial without the testimony of Evans in the face of the prosecution's improper refusal to comply with the discovery order which resulted in a dismissal of the action on June 4 would be to deny petitioner his right to a fair trial.

Viewing the problem from the perspective of petitioner's right to a speedy trial, as guaranteed by the Sixth Amendment and article I, section 13, of the California Constitution, we observe that petitioner originally was scheduled for trial on June 4 when Evans was available as a witness. However, because the prosecution refused to comply with the discovery order, the trial was delayed until November, almost seven months after the original indictment.[2]

The test for determining whether a defendant has been denied the right to a speedy trial by reason of prosecutorial delay is to weigh the prejudice to the defendant against the justification shown for the delay. (*Jones* v. *Superior Court,* 3 Cal.3d 734, 741, fn. 1 [91 Cal.Rptr. 578, 478 P.2d 10]; *People* v. *Archerd,* 3 Cal.3d 615, at pp. 639-640 [91 Cal.Rptr. 397, 477 P.2d 421]; *Penney* v. *Superior Court,* 28 Cal.App.3d 941, 951-952 [105 Cal.Rptr. 162]; *People* v. *Vanderburg,* 32 Cal.App.3d 526, 531 [108 Cal. Rptr. 104].)

Petitioner has clearly shown prejudice. It is undisputed that Evans is a material witness. He was present in petitioner's house at or about the

---

[2]Generally, an order for the dismissal of a felony action made before jeopardy has attached is not a bar to further prosecution (Pen. Code, § 1387). Upon refiling, the 60-day time period within which to bring a defendant to trial (Pen. Code, § 1382) starts anew (*People* v. *Faulkner,* 28 Cal.App.3d 384, 395 [104 Cal.Rptr. 625]). However, the prosecution's statutory right to refile cannot overcome the state and federal constitutional guaranties of a speedy trial, and where an accused has shown *actual prejudice* from the delay, he is entitled to a dismissal. (See *People* v. *Williams,* 71 Cal.2d 614, 623 [79 Cal.Rptr. 65, 456 P.2d 633]; *People* v. *Wilson,* 60 Cal.2d 139, 150-151 [32 Cal.Rptr. 44, 383 P.2d 452]; cf. *Harris* v. *Superior Court, supra,* 35 Cal. App.3d 24, 27.)

time the alleged sale took place and according to the allegations of petitioner's affidavit his testimony would have substantial probative value on the question of petitioner's guilt or innocence. Petitioner's showing that Evans was available to testify at the original trial date but, thereafter, became unavailable, also is unchallenged.

Real party in interest is unable to justify the delay other than by arguing that there has been no deliberate suppression of evidence on their part nor has there been any showing that they knew or suspected that Evans would become unavailable as a witness. However, intentional suppression of evidence or bad faith on the part of the prosecution is not an essential element of a defendant's right to a fair or speedy trial. (*People* v. *Kiihoa, supra,* 53 Cal.2d at p. 753; *Penney* v. *Superior Court, supra,* 28 Cal.App.3d at p. 953.) As stated in *Kiihoa:* "It is next contended that because there was no procurement of or active participation by the law enforcement agency in [the informant's] removal from the jurisdiction there was no state action which deprived the defendant of due process of law. The record does indicate that the police did not arrange for [the informant's] absence. The critical question, however, is not necessarily one of improper conduct in bringing about [the informant's] absence, but rather, whether the defendant's conviction resulted from some form of trial in which his essential rights were disregarded or denied. We are persuaded that the circumstances surrounding this prosecution affected and mitigated against the defendant's right to a fair and impartial trial." (53 Cal.2d at p. 753.)

Similarly, in *Penney* v. *Superior Court, supra,* 28 Cal.App.3d 941, at p. 953, we said: "The requirement of a legitimate reason for the prosecutorial delay cannot be met simply by showing an absence of deliberate, purposeful or oppressive police conduct. A 'legitimate reason' logically requires something more than the absence of governmental bad faith."

Under the circumstances we see no alternative but to grant petitioner the relief prayed for. [ ]

Tobriner, J., and Sullivan, J., concurred.

Petitioner's application for a rehearing was denied August 28, 1974. Tobriner, J., Mosk, J., and Sullivan, J., were of the opinion that the application should be granted.