[Crim. No. 31609. Second Dist., Div. One. Aug. 30, 1978.]

THE PEOPLE, Plaintiff and Appellant, v.
RODOLFO MAURICIO HERNANDEZ,
Defendant and Respondent.

[Crim. No. 31973. Second Dist., Div. One. Aug. 30, 1978.]

THE PEOPLE, Plaintiff and Appellant, v.
GEORGE J. CALABAZA, Defendant and Respondent.

## COUNSEL

John K. Van de Kamp, District Attorney, Donald J. Kaplan and Dirk L. Hudson, Deputy District Attorneys, for Plaintiff and Appellant.

Wilbur F. Littlefield, Public Defender, Dennis A. Fischer, Laurence M. Sarnoff, Leighton A. Nugent, Deputy Public Defenders, and Richard B. Koskoff, under appointment by the Court of Appeal, for Defendants and Respondents.

## OPINION

**THOMPSON, J.**—In *Eleazer* v. *Superior Court* (1970) 1 Cal.3d 847 [83 Cal.Rptr. 586, 464 P.2d 42], the California Supreme Court held that due

process requires that the police or prosecuting authority "make such inquiries and arrangements as are reasonably necessary to enable the prosecution and defense to locate [an informer who is a material witness whose testimony might be helpful to the defense]." (1 Cal.3d at pp. 852-853.) In *People* v. *Goliday* (1973) 8 Cal.3d 771 [106 Cal.Rptr. 113, 505 P.2d 537], the high court ruled that this duty applies in the situation of informers who serve "as . . . active agent[s] of the police," although the informers are unpaid for their services. (8 Cal.3d at p. 781.) In *People* v. *Hitch* (1974) 12 Cal.3d 641 [117 Cal.Rptr. 9, 527 P.2d 361], the *Eleazer-Goliday* rationale served as a partial basis for the adoption of a principle requiring that the police and prosecution undertake reasonable precautions to preserve discoverable physical evidence that might come into their possession, and for the rule that in the context of a breathalyzer test failure of performance of this duty will result in the sanction of bar of other evidence that might prove the nature of the lost physical evidence. (12 Cal.3d at pp. 648-650, 652-654.)

■ Consolidated appeals from orders of dismissal in the case at bench raise the issue of a possible further extension of the *Eleazer-Goliday* rule to the situation of a noninformer victim-witness to the crime. We conclude that neither the reasoning nor the policy underpinning of *Eleazer* and *Goliday* indicate the extension. Accordingly, in these appeals by the People, we reverse the orders of dismissal.

At about 7:30 p.m. on March 2, 1977, Los Angeles Police Officers Jack Johnson and Enoch McClain saw defendants Rodolfo Hernandez and George Calabaza beat and throw Jan Callahan to the ground and remove $147 from Callahan's pocket. Johnson and McClain arrested the defendants.

Callahan was drunk and unable to care for himself. Callahan was also arrested, and was booked for being drunk in public. In response to questions from the officers, Callahan said that he had no place where he regularly lived. Shortly after midnight, pursuant to Penal Code section 849, subdivision (b)(2), Callahan was released from custody without a complaint against him being filed. Callahan was transported to Los Angeles County Medical Center for treatment of an injury to his eye, but no effort was made to ascertain means by which he could be contacted in the future. When the police at the request of the prosecution sought to locate Callahan to be a witness at the preliminary hearing, he could not be found.

Defendants were held for trial in the superior court on charges of robbery. Each moved to dismiss the information for failure of the police to exercise reasonable diligence to maintain contact with Callahan, a material witness who might furnish testimony helpful to them. The trial court granted the motions to dismiss.

While *Eleazer, Goliday,* and their progeny impose a duty upon the police and prosecution to exercise due diligence to maintain means of contact with an informant who is a material witness whose testimony might conceivably be favorable to a defendant, the duty is different in the case of a noninformant witness. There it requires only that the police or prosecution refrain from conduct which makes the noninformant material witness unavailable. (*Bellizzi* v. *Superior Court* (1974) 12 Cal.3d 33, 36-37 [115 Cal.Rptr. 52, 524 P.2d 148], cert. den. (1975) 420 U.S. 1003 [43 L.Ed.2d 761, 95 S.Ct. 1445]; *People* v. *Mejia* (1976) 57 Cal.App.3d 574, 579-580 [129 Cal.Rptr. 192]; *In re Jesus B.* (1977) 75 Cal.App.3d 444, 449-450 [142 Cal.Rptr. 197].)

Significant reasons compel the difference between the duty of maintenance of contact by the police with their informant, on the one hand, and the limited duty with respect to an ordinary witness, on the other. The duty with respect to informants extends to those who act as police agents. "As such, the witness [is] in contact with, and under the control of, the prosecution." (*Bellizzi* v. *Superior Court, supra,* 12 Cal.3d at p. 37.) The ordinary witness has not made himself part of the police mechanism by becoming an agent of law enforcement. He is not in contact with the police except as his possible status as a victim may require that he report a crime. He is not under police control.

In the case of the victim-witness, there is a particularly strong reason in policy dictating that the *Eleazer-Goliday* rule not apply. A victim who by definition is a person interested in the outcome of the prosecution is much less likely to make himself unavailable than is an informer. If the rule of *Eleazer* and *Goliday* were to be applied, the public interest in the prosecution of the guilty would require significant intrusion into the rights of the innocent victim by inquiry into information, irrelevant to the case, which he might wish to keep in confidence, and by the adverse impact upon his reputation incident to police inquiry concerning his whereabouts. While the claim of some that victims of crime are often also the victims of the process of criminal procedure may overstate the matter, there is no question that the rights of victims of crime tend to be ignored. Extension of the *Eleazer-Goliday* doctrine to the situation of the case at

bench would risk trampling on the rights of the victim-witness to a degree that rules out the extension.

Thus the trial court's action granting the motions to dismiss in the case at bench is sustainable only if the record supports the inference that the police did something to make Callahan unavailable. The record does not do so. Release of a material witness, who is a victim, from custody is not conduct proscribed by the rule. (See *In re Jesus B., supra,* 75 Cal.App.3d 444, 451-452.)

The judgments (orders) are reversed.

Lillie, Acting P. J., and Hanson, J., concurred.

Respondents' petitions for a hearing by the Supreme Court were denied October 25, 1978.