[Crim. No. 3296. Fifth Dist. Sept. 18, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
THOMAS LEROY WILLIS, Defendant and Appellant.

COUNSEL

R. M. Bonnifield, under appointment by the Court of Appeal, and Paul A. Roller for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Roger E. Venturi and Anthony L. Dicce, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

FRANSON, Acting P. J.—

STATEMENT OF THE CASE

On April 18, 1977, an indictment was filed in the Superior Court of Fresno County charging appellant with 16 counts of first degree robbery (Pen. Code, §§ 211, 211a) and alleging use of a firearm, and 1 count of second degree robbery. Appellant was arraigned and pled not guilty to all counts.

On May 25, 1977, appellant's Penal Code section 995 motion was granted as to counts eight and thirteen. Counts one through five, nine, twelve, and fourteen were dismissed on the People's motion and appellant waived his right to a jury trial and submitted the remaining counts on the grand jury transcript. Appellant was thereafter found guilty on all remaining counts as charged and the court specifically found the use allegations pursuant to Penal Code section 12022.5 to be true as to each count.

On June 10, 1977, appellant was sentenced to state prison for the term prescribed by law; count seven to be served consecutive with count six, and count ten to be served consecutive with counts six and seven. Counts six, seven, and ten were ordered to be served consecutive to appellant's previously ordered robbery term from Kings County, while counts eleven and fifteen through seventeen were ordered to be served concurrent with the Kings County term.

A statement of the facts upon which the convictions are predicated is unnecessary to this appeal.

### No Equal Protection Denial by Penal Code Section 1170.2

■ Appellant, who committed his crimes prior to July 1, 1977, contends that the retroactivity portions of the Uniform Determinate Sentencing Act of 1976 (Pen. Code, § 1170.2) violate his constitutional rights to equal protection. Specifically, he argues that his rights are violated because inmates who commit crimes after July 1, 1977, have an opportunity to receive the lower of the three prison terms by showing the existence of mitigating factors—whereas inmates who committed crimes prior to July 1, 1977, are to be sentenced retroactively under the new law pursuant to Penal Code section 1170.2 which does not permit the fixing of the lower of the three possible prison terms after a showing of mitigating factors.[1]

There is no constitutional impediment to a prospective punishment statute. "The problem, of course, is one of trying to ascertain the legislative intent—did the Legislature intend the old or new statute to apply? Had the Legislature expressly stated which statute should apply, its determination, either way, would have been legal and constitutional." (*In re Estrada* (1965) 63 Cal.2d 740, 744 [48 Cal.Rptr. 172, 408 P.2d 948].) Since the new sentencing scheme applies to *all sentencing,* it involves no illegitimate classification. That the Legislature chose to ameliorate certain inequities in the former law by allowing every felon who committed a crime before July 1, 1977, to acquire a new release date in lieu of his indeterminate sentence imposed under the former law, affords no basis for a constitutional challenge since in no case may the felon be confined for a period longer than he would be under the old law. (Pen. Code, § 1170.2, subd. (c).)

The retroactivity portion of the new sentencing law was specifically upheld against constitutional attack in *Way* v. *Superior Court* (1977) 74 Cal.App.3d 165, 178 [141 Cal.Rptr. 383]: "There is no clear, positive and unmistakable unconstitutionality to be found in Penal Code section

---

[1]Contrary to appellant's contention, the setting of a new release date by the Community Release Board (CRB) does not constitute a sentencing or resentencing. The sentencing process takes place before the trial court. The CRB merely fixes a release date for those people sentenced for crimes committed before July 1, 1977, which date cannot be later than the date they would otherwise have been released under the old law.

1170.2; we hold it valid as incidental to a comprehensive reformation of California's penal system." Although the opinion did not address the equal protection argument advanced here, it is instructive on the power of the Legislature to provide for uniformity in sentencing by reducing existing prison terms. (*People* v. *Superior Court (Gonzales)* (1978) 78 Cal.App.3d 134, 137-138 [144 Cal.Rptr. 89].) In *Gonzales* an equal protection argument similar to the one advanced in this case was rejected on the ground that the Legislature has the power to make the new act prospective only and that all effective dates of statutes are somewhat arbitrary. "Fixing the day the offense was committed as the watershed results in an entirely reasonable classification and does not deny equal protection to those whose offenses predate July 1, 1977." (78 Cal.App.3d at p. 143.)

## No Denial of Right to Speedy Trial

Appellant next argues that his May 19, 1977, trial date denied him his constitutional and statutory right to a speedy trial. The relevant facts are as follows: Appellant was originally charged with armed robbery by complaint on January 14, 1977. On that same date he was convicted of robbery in Kings County and committed to state prison on January 21 on the Kings County conviction. On that date he also served the Fresno County District Attorney with written notice that he wanted to be brought to trial within 90 days. On April 15 he was indicted on 17 counts of robbery. The 17 alleged robberies took place between October 27, 1976, and January 2, 1977. On April 18, appellant was arraigned on the indictment, pled not guilty, and was given an April 25 trial date. On April 19, the original complaint was dismissed on motion of the district attorney. At a readiness conference on April 20 appellant's attorney requested a continuance which was granted. On May 19, appellant's section 995 motion based on the speedy trial issue was denied on all the counts relevant to this appeal. He waived his right to a jury trial, submitted the case on the grand jury transcript and was found guilty.

■ Appellant contends that the 125-day delay between the filing of the complaint and the trial deprived him of his constitutional right to a speedy trial.[2] Appellant's contention is without merit.

---

[2] Appellant does not claim that he was denied a trial within 90 days of request pursuant to Penal Code section 1381. Such a claim would be unavailing because the filing of the indictments started the period running anew. (Cf. *Bellizzi* v. *Superior Court* (1974) 12 Cal.3d 33, 38 [115 Cal.Rptr. 52, 524 P.2d 148].)

■ In determining whether a defendant has been denied a right to a speedy trial, the trial court is required to engage in a balancing test: The prejudicial effect of the delay must be weighed against any justification. (*Jones* v. *Superior Court* (1970) 3 Cal.3d 734, 740 [91 Cal.Rptr. 578, 478 P.2d 10].) The appropriate factors in making such a balance are the length of and reason for the delay, the defendant's assertion of his right, and the prejudice suffered. (*Barker* v. *Wingo* (1972) 407 U.S. 514, 530 [33 L.Ed.2d 101, 116-117, 92 S.Ct. 2182].)

■ The length of the delay was not excessive. The original trial date was set for April 25, only 94 days after the appellant's request. This barely exceeds the 90 days permissible under Penal Code section 1381. The subsequent delay was due to the continuance sought by appellant's counsel. Moreover, while the record is silent as to the reasons for the prosecutor's delay, the large number of the charges and the prosecution's desire to proceed by indictment rather than by information are factors weighing in favor of the respondent.

Moreover, appellant has failed to demonstrate any prejudice from the delay. His assertion that the delay caused him to forget the events in question thereby impeding his ability to assist his counsel in preparing a defense is inherently improbable. A complaint was filed against appellant on January 14, less than two weeks after the commission of the last offense. This was sufficient to apprise him of the upcoming criminal prosecution and give him ample notice to prepare an alibi or other defense. Thus, we do not have a case where a defendant was totally unaware that he was suspected of committing a crime during the challenged delay. (Cf. *Jones, supra.*)

Appellant's reliance on *Rost* v. *Municipal Court* (1960) 184 Cal.App.2d 507 [7 Cal.Rptr. 869, 85 A.L.R.2d 274] is unavailing. In that case a 140-day delay was held to be unreasonable. The court reasoned that 60 days would be reasonable because that was the period set forth in Penal Code section 1382. However, it concluded that "somewhere beyond that period the unexplained delay becomes unreasonable." (*Id.,* at p. 514.) However, the court pointed out that what is a reasonable time depends upon the circumstances of the case and that in many situations a lapse of much more than 140 days would not be unreasonable. In the present case

appellant was given a trial date just four days later than Penal Code section 1381 would allow if applicable.

The judgment is affirmed.

Hopper, J., and Ginsburg, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 15, 1978.

---

*Retired judge of the superior court sitting under assignment by the Chairperson of the Judicial Council.