Kenneth Kim PARKS, Petitioner—
Appellant,

v.

Tom CAREY, Warden, Respondent—
Appellee.

No. 03–55366.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 9, 2004.

Decided March 19, 2004.

Marilee Marshall, Esq., Jennifer Peabody, Esq., Marilee Marshall & Associates, Pasadena, CA, for Petitioner–Appellant.

Mary E. Sanchez, Esq., Noah P. Hill, AGCA, Los Angeles, CA, for Respondent–Appellee.

Before: B. FLETCHER, PREGERSON, and FERGUSON, Circuit Judges.

## MEMORANDUM *

We affirm the district court's denial of Kenneth Kim Parks's (Parks) federal habeas petition. As the parties are familiar with the facts, we recount them only as necessary to explain our decision.

Because Parks filed his federal habeas petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies. 28 U.S.C. § 2254; *Lindh v. Murphy,* 521 U.S. 320, 326–27, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). AEDPA dictates that we review *de novo* the district court's denial of Parks's habeas petition, *see Avila v. Galaza,* 297 F.3d 911, 914 n. 1 (9th Cir.2002), *cert. dismissed,* 538 U.S. 919, 123 S.Ct. 1571, 155 L.Ed.2d 308 (2003), but we must uphold the district court's factual findings unless they are clearly erroneous. *Solis v. Garcia,* 219 F.3d 922, 926 (9th Cir.2000).

Under AEDPA, a federal court may grant a writ of habeas corpus only if the challenged state court ruling "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

■ The trial court did not violate Parks's right to due process when it cor-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

rected certain aspects of Parks's sentence, as mandated by the state appellate court, in the absence of Parks and his attorney. The appellate court did not set aside Parks's sentence as a whole, but remanded the matter for re-sentencing *only with respect to the prior prison term enhancement and to allow imposition of certain fees.* Further, the trial court's correction favored Parks to the extent permitted by the mandate.

Nor was Parks deprived of the effective assistance of counsel. First, Parks argues that his trial attorney should have attempted to contact Carlos Sandoval (Sandoval), but did not make the effort. When officers stopped Parks's car, Sandoval was intoxicated in the backseat. The officers arrested Sandoval, who was too drunk to be interviewed, and purportedly released Sandoval without recording his telephone number or street address. This ineffective assistance claim fails because Parks cannot establish prejudice resulting from his attorney's failure to contact Sandoval. Courts routinely reject ineffective assistance claims based on a failure to investigate where the petitioner fails to demonstrate what further investigation would have revealed. *See, e.g., Ortiz v. Stewart,* 149 F.3d 923, 933 (9th Cir.1998); *Ceja v. Stewart,* 97 F.3d 1246, 1255 (9th Cir.1996). The record lacks evidence: (1) regarding what relevant information Sandoval would have disclosed had Parks's attorney interviewed him; (2) that Sandoval would have testified if called; or (3) that Sandoval's testimony would have supported Parks's defense. Absent this information, Parks cannot demonstrate a reasonable probability that the jury would have acquitted him had his attorney located Sandoval.[1]

Second, Parks claims that his attorney was ineffective by not filing a *Mejia* motion. *See People v. Mejia,* 57 Cal. App.3d 574, 129 Cal.Rptr. 192, 196 (1976). But failure to file such a motion in the circumstances of this case would not fall below an objective standard of reasonableness. For a *Mejia* motion to be granted, a defendant must demonstrate that a material witness is unavailable *because of state action. See id.* The mere release from police custody of a witness who later disappears does not constitute *state action* for *Mejia* motion purposes. *See, e.g., People v. Hernandez,* 84 Cal.App.3d 408, 148 Cal. Rptr. 567, 568 (1978); *see also In re Jesus B.,* 75 Cal.App.3d 444, 142 Cal.Rptr. 197, 200 (1977).

Before releasing Sandoval, the police recorded his name, date of birth, and ethnicity. A reasonable criminal defense attorney could conclude that the officers' purported failure to obtain additional identifying information did not constitute *state action inevitably securing a witness's absence,* like deportation, which is necessary to support a successful *Mejia* motion. Because "[c]ounsel's failure to make a futile motion does not constitute ineffective assistance of counsel," *James v. Borg,* 24 F.3d 20, 27 (9th Cir.1994), Parks's claim fails. *See also Shah v. United States,* 878 F.2d 1156, 1162 (9th Cir.1989) ("The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel.") (quotation marks and citation omitted).

AFFIRMED.

---

1. In addition, the district court appropriately denied Parks's request for an evidentiary hearing. Only Sandoval's testimony could prove prejudice. Because Parks was unable to locate Sandoval, the requested hearing would have been futile.