[L.A. No. 30275. In Bank. July 2, 1974.]

ADELAIDA NAVA BRAVO, Petitioner, v.
CLARENCE E. CABELL, as Clerk, etc., et al., Respondents;
THE PEOPLE, Real Party in Interest.


[L.A. No. 30270. In Bank. July 2, 1974.]

CARLOS CHAVEZ, Petitioner, v.
CLARENCE E. CABELL, as Clerk, etc., et al., Respondents;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Miguel F. Garcia, David A. Binder, Paul Bergman, Paul Boland and Robert Mann for Petitioners.

John H. Larson, County Counsel, and Dwight V. Nelsen, Deputy County Counsel, for Respondents.

No appearance for Real Party in Interest.

**OPINION**

**SULLIVAN, J.**—In these separate proceedings in mandamus, each petitioner seeks a writ to compel respondent superior court and its clerk to file, without payment of a filing fee, their pleadings in special proceedings in the superior court which arise out of criminal actions pending against them in the municipal court. Since both cases present a common issue, we consider them together.

Petitioner Adelaida Bravo has been charged by complaint filed in the Municipal Court for the East Los Angeles Judicial District, County of Los Angeles, with battery on a peace officer (Pen. Code, §§ 242, 243). She moved for pretrial discovery and her motion was denied. Petitioner thereupon attempted to file in respondent court, without payment of filing fee, a petition for a writ of mandate or prohibition to review such ruling. Although petitioner informed respondent clerk's office that her petition arose in connection with a criminal case pending in the municipal court, respondent clerk refused to file it without payment of a filing fee. Petitioner then filed the instant petition. We issued an alternative writ.

Petitioner Carlos Chavez has been charged by complaint filed in the Municipal Court for the Los Angeles Judicial District with resisting arrest (Pen. Code, § 148), assault (Pen. Code, § 240) and public intoxication (Pen. Code, § 647, subd. (f)). After the municipal court granted petitioner's motion for pretrial discovery, the People filed in respondent court their petition for a writ of mandate seeking to set aside the discovery order. That court issued an alternative writ. Petitioner thereupon attempted to file in respondent court, without payment of filing fee, his return to the alternative writ, consisting of an answer and a demurrer, but respondent clerk refused

to file it for want of a filing fee. Petitioner then filed the instant petition. We issued an alternative writ.[1]

Petitioners contend that the filing fee requirement for first papers in a civil action or special proceeding in the superior court, as provided in the Government Code,[2] does not apply to them because of an exemption for criminal actions provided by Government Code section 26857.[3] The section states in pertinent part: "No fee shall be charged by the clerk for service rendered *in any criminal action* or adoption proceeding, nor for any service to the state." (Italics added.) Since the documents that Bravo and Chavez submitted for filing *arose out of a criminal action*, they assert that no fee should be charged by the clerk.

The People, on the other hand, contend that the filing fee requirement for special proceedings in the superior court (see fn. 2, *ante*) is not dis-

---

[1]We observe that each of the instant proceedings is an appropriate one for extraordinary relief. None of the provisions in the Code of Civil Procedure (§ 901 et seq.) provides for a direct appeal from the clerk's challenged actions. Nor would raising the issue on appeal from the judgments of the municipal court, in the event of petitioners' convictions, constitute an adequate remedy (Code Civ. Proc., § 1086) since petitioners and the People would be compelled to endure the expense and time of a criminal trial without a reasonable opportunity to resolve the merits of their claims regarding pretrial discovery. (See *Moore* v. *Municipal Court* (1959) 170 Cal.App.2d 548, 552 [339 P.2d 196]; Witkin, Cal. Criminal Procedure (1963) § 780, p. 756; Cal. Civil Writs (Cont.Ed.Bar 1970) § 5.40, p. 92.) Since petitioners seek to compel the clerk to perform a duty assertedly required by statute (Code Civ. Proc., § 411.20; Gov. Code, § 26820 et seq.), mandamus is the proper writ. (Code Civ. Proc., § 1085; 5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, § 79.)

[2]The fees for services provided by the county clerk are set out in Government Code section 26820 et seq. The filing fee for "the first paper in a civil action or special proceeding, except an adoption proceeding," which varies according to the population of the county, is stated in sections 26821 and 26821.2. The amount of the fee for "filing the first paper in the action on behalf of any defendant, intervenor, respondent, correspondent, or adverse party," also depending on the population of the county, is provided in sections 26826 and 26826.2.

Hereafter, unless otherwise indicated, all section references are to the Government Code.

[3]Petitioners also contend that requiring them to pay a filing fee constitutes a denial of equal protection of the laws inasmuch as fees are not required for habeas corpus proceedings nor are they demanded of persons facing criminal charges in the superior court who file their pleadings in a special proceeding in the Courts of Appeal.

As will be made clear, we have adopted an interpretation of the Government Code sections applicable to petitioners "that [will], consistent with the statutory language and purpose, eliminate doubts as to . . . [their] constitutionality." (*In re Kay* (1970) 1 Cal.3d 930, 942 [83 Cal.Rptr. 686, 464 P.2d 142]; see also *Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 229 [110 Cal.Rptr. 144, 514 P.2d 1224].) Therefore, it is unnecessary to decide the constitutional question posed by petitioners.

allowed by section 26857 since a proceeding for extraordinary relief, whether or not it arises from a pending criminal prosecution, is not a "criminal action."[4]

██ In determining the meaning of a statute, we "should ascertain the intent of the Legislature so as to effectuate the purpose of the law." (*Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672]; see also *Moyer* v. *Workmen's Comp. Appeals Bd., supra,* 10 Cal.3d 222, 230.) Having this principle in mind, we proceed to determine the meaning of the provision in section 26857.

The crucial question is whether a special proceeding, although normally regarded as civil in nature, may be considered as part of a criminal action. To put it another way, where a proceeding for a prerogative writ arises from a pending criminal prosecution in the municipal court, is the proceeding so integrally connected with the criminal action that the county clerk must apply the statutory exemption for fees "in any criminal action." (§ 26857.) We conclude that he must.

We have held in another context that although a proceeding for a writ has been traditionally characterized as civil in nature when viewed as an entity in itself, where it relates to and arises out of a criminal action, it must be regarded as a part of such criminal action. (*In re Paiva* (1948) 31 Cal.2d 503, 509 [190 P.2d 604].) The defendant in *Paiva,* attempting to vacate his judgment of conviction and obtain a new trial, petitioned the trial court for relief in the nature of a writ of error *coram nobis.* It was denied. Paiva filed a notice of appeal and requested preparation of the record on appeal. The trial court held that since *coram nobis* was a civil proceeding, preparation of the record would be at the defendant's expense. On appeal Paiva contended that the record should be furnished by the state under a statute affording such a right *in criminal cases.*

---

[4]The People refer to several statutory provisions in support of their position. They argue thusly: The statutes demonstrate that a special proceeding is not generally considered as being criminal in nature nor an action. It is not criminal in character because an extraordinary proceeding does not involve a "party charged with a public offense" (Pen. Code, § 683); rather it is civil in nature because it involves "one party against another for the declaration, enforcement or protection of a right, or the redress or prevention of a wrong" (Code Civ. Proc., § 30). Neither is it an action, defined as an "ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense" (Code Civ. Proc., § 22) therefore, it must be a "special proceeding" (Code Civ. Proc., § 23). That an extraordinary proceeding is neither an action nor criminal in nature is buttressed by the fact that the statutory provisions relating to extraordinary writs are contained in part 3 of the Code of Civil Procedure, entitled "Of *Special Proceedings* of a *Civil Nature.*" (Italics added.)

In *Paiva* we recognized at the outset that a writ of error *coram nobis,* "or the proceeding for it, has been traditionally regarded as civil in nature." (*Id.,* at p. 505.) However, we explained that "[i]ts civil character when regarded as an entity is . . . inconclusive on the question as to the right of the defendant to have a record on appeal furnished by the state." (*Id.,* at p. 506.) Having observed that the state would furnish a record on appeal from a judgment of conviction, we found no "persuasive reason for holding" (*id.,* at p. 508) that Paiva was not entitled to the same right on appeal from a denial of his petition seeking to set aside the judgment of conviction. Thus we concluded that the writ of error *coram nobis* is "properly regarded 'as a part of the proceedings in the case to which it refers' rather than as 'a new adversary suit' " (*id.,* at p. 509) and that on appeal from the denial of the writ, "the right of the defendant to be furnished a legal record on appeal, insofar as the payment of costs is concerned, is the same as upon any other appeal allowed by law to a defendant in a criminal case." (*Id.,* at p. 510.)

We believe that in the context of the two cases at bench, the proceedings for extraordinary writs should likewise be considered as a part of the criminal actions to which they refer. First, we observe that the fee for services provided by a county clerk on appeal from a judgment or order of the municipal court applies only to civil actions or special proceedings. (§ 26825.) Under the express language of that section and section 26857, no fee may be charged a criminal defendant on appeal from a judgment of conviction. ■ We discern no significant difference between a review of a criminal proceeding by an appeal from a judgment of conviction and a review of part of the same criminal proceeding by prerogative writ to justify the conclusion that while the former process of review retains the criminal character of the proceeding below, the latter process is in some mysterious way substantially, if not entirely, metamorphosed.

Indeed a proceeding for a prerogative writ arising from a criminal action appears to us to have features inherently similar to an appeal from a judgment of conviction. Both methods of review are limited to issues involved in the criminal action and they have a common objective of correcting or preventing error, as the case may be, on the part of the trial court in the underlying action. Thus the defendant in a criminal action in the municipal court may find it essential to initiate a writ proceeding in the superior court in order to secure his right to a fair trial, as for example, by seeking a change of venue (*Maine* v. *Superior Court* (1968) 68 Cal.2d 375, 379 [66 Cal.Rptr. 724, 438 P.2d 372]), by asserting his statutory right to a speedy trial (*People* v. *Kirkpatrick* (1972) 7 Cal.3d 480, 486

[102 Cal.Rptr. 744, 498 P.2d 992]; *People* v. *Wilson* (1963) 60 Cal.2d 139, 151 [32 Cal.Rptr. 44, 383 P.2d 452]), or by urging substitution of appointed counsel (*Drumgo* v. *Superior Court* (1973) 8 Cal.3d 930, 933 [106 Cal.Rptr. 631, 506 P.2d 1007]). Or, as occurred in the underlying proceedings here, either the People or the accused may seek a writ in connection with pretrial discovery orders.

Such writ proceedings initiate no new controversy but relate only to the action below. They are made necessary by events in the criminal action and, as *Paiva* stated, are " 'a part of the proceedings in the case to which it refers' rather than as 'a new adversary suit.' " (31 Cal.2d at p. 509.) In view of this situation, we can find no persuasive reason for the county clerk to require a fee for services in an extraordinary writ proceeding that arises from and is a part of the criminal action merely because it has been characteristically referred to as a civil proceeding.

Moreover, it is true, as petitioners allege, that no fee is required for the filing of a petition for a writ in this court or in the Courts of Appeal where the petition relates to a criminal proceeding in the superior court. Under the applicable filing fee statute,[5] it has been for some time the consistent practice of the clerks of both courts to disallow payment of filing fees in criminally related writ proceedings on the basis they partake of the nature of the underlying criminal case. Indeed, an anomalous situation would exist if a defendant in a criminal action in the superior court may file in a Court of Appeal or in this court a petition for an extraordinary writ arising out of such criminal action, without being required to pay a filing fee, and a defendant in a criminal action in a municipal court seeking comparable relief in the superior court is denied a corresponding exemption.

We hold that where, as in the instant cases, a proceeding for an extraordinary writ is brought in the superior court which arises out of a criminal proceeding in the municipal court, such writ proceeding, however denominated in nature as an entity in itself, must be regarded as a part of the underlying criminal action so as to be exempt from the requirement of a filing fee under section 26857.[6]

---

[5]The filing fee requirement for this court and for the Courts of Appeal is provided in section 68926, stating in pertinent part: "The fee for filing a petition for a writ within the original civil jurisdiction of the Supreme Court or of a court of appeal is fifty dollars ($50)."

[6]For other examples where rights associated with criminal cases have been declared applicable in proceedings commonly regarded as civil in nature, see *People* v. *Shipman* (1965) 62 Cal.2d 226, 232 [42 Cal.Rptr. 1, 397 P.2d 993] (indigent defendant entitled to appointed counsel in *coram nobis* proceedings where prima facie case

In each of the above proceedings, that is, L.A. 30275 and L.A. 30270, let a peremptory writ of mandate issue as prayed for.

Wright, C. J., McComb, J., Tobriner, J., Mosk, J., and Burke, J., concurred.

stated); *Gross* v. *Superior Court* (1954) 42 Cal.2d 816, 821 [270 P.2d 1025] (defendant in sexual commitment proceedings entitled to a free record on appeal from order of commitment under statute affording such a right in criminal cases); *Polakovic* v. *Superior Court* (1972) 28 Cal.App.3d 69, 76 [104 Cal.Rptr. 383] (appointed counsel entitled to compensation for services rendered on behalf of defendant in a special proceeding under statute affording attorney the right of compensation for representation in a criminal trial, proceeding or appeal).