[Civ. No. 56009. Second Dist., Div. Two. Jan. 30, 1980.]

CLARENCE REGINALD GAINES, Plaintiff and
Respondent, v.
THE MUNICIPAL COURT FOR THE LOS ANGELES
JUDICIAL DISTRICT OF LOS ANGELES COUNTY,
Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Appellant.

558

COUNSEL

Burt Pines, City Attorney, Rand Schrader, Michael Peter Alcantar, Richard Edward Cates and Lewis N. Unger, Deputy City Attorneys, for Real Party in Interest and Appellant.

Wilbur F. Littlefield, Public Defender, Dennis A. Fischer, William Thornbury, Ellen Shumsky and Stephen F. Moeller, Deputy Public Defenders, for Plaintiff and Respondent.

No appearance for Defendant and Respondent.

OPINION

**FLEMING, Acting P. J.**—The People appeal the superior court's issuance of a writ of mandate directing the municipal court to dismiss a misdemeanor prosecution against Clarence Gaines for failure to bring him to trial within 45 days of arraignment (Pen. Code, § 1382). We reverse.

On 23 November 1977 Gaines, arrested on an unrelated robbery charge and held under a no-bail warrant, was examined by Los Angeles Police Officer John W. Reeves, a narcotic expert, who formed the opinion that Gaines was under the influence of a controlled substance. On November 30 a complaint was filed in municipal court charging Gaines with a misdemeanor narcotic violation (Health & Saf. Code, § 11550). Gaines posted bail on the narcotic charge but remained in custody on the robbery warrant. On December 1 he was arraigned on the narcotic charge, and trial was set for December 21.

On December 5 a subpoena to appear at trial on December 21 was issued for Officer Reeves, and on December 8 Reeves was served with the subpoena. Because the trial date conflicted with Reeves' scheduled vacation, he consulted his commanding officer, who ordered Reeves to

prepare a "Declaration for Continuance" and take his vacation. Accordingly, Reeves executed a declaration on December 14, stating he was an essential and material witness who would be out of the county on vacation on December 21 and unavailable to testify as a witness until 18 January 1978. Reeves then left the jurisdiction without the knowledge of or communication with the prosecutor.

When the cause was called for trial on December 21, plaintiff learned for the first time that its essential witness was absent from the state in disregard of the subpoena. Plaintiff's counsel informed the court he had spoken to the West Los Angeles police station's subpoena control officer, who told him Reeves had received the subpoena but nonetheless had left for Colorado on vacation. On the basis of Reeves' declaration and the information that he was out of the jurisdiction, plaintiff asked the court to continue the trial to January 18. The court calculated that the 45-day statutory period under Penal Code section 1382 for bringing defendant to trial would terminate on January 16, but it also found good cause for continuing the trial two days to January 18. The court granted the continuance and denied defendant's motion to dismiss for failure to bring the action to trial within 45 days. On January 16 defendant renewed his motion to dismiss, and on January 19 the court again denied the motion.

Thereafter, defendant petitioned the superior court to order the municipal court to dismiss the action against him because he had not been brought to trial within 45 days. The superior court found that plaintiff's case was "inextricably bound to the unauthorized actions of [the] subpoenaed, yet defaulting police witness," and that absence on vacation of the subpoenaed police officer did not constitute good cause to continue the trial 2 days beyond the 45-day period. The superior court ordered a dismissal of the action, and plaintiff has appealed.

 Absent a showing of good cause, the municipal court was required by Penal Code section 1382 to begin defendant's trial on 16 January 1978 or dismiss the action. But it is undisputed that the testimony of the defaulting witness was essential to plaintiff, which had properly subpoenaed him in advance of trial, and whose counsel was unaware that the subpoenaed witness intended to be outside the state on the date of trial. We think that until plaintiff's counsel received information to the contrary, he was entitled to assume that his duly subpoenaed witness would respond to the order of the court and appear

at the trial on December 21. Our judicial system is grounded on the sanctity of compulsory process, and it operates on the assumption that a subpoenaed witness—whether a police officer or the President of the United States—will either obey an order to appear in court or present his excuses sufficiently in advance of the appearance date to enable the court to adjust its business with due consideration for litigants', witnesses', attorneys' and judges' availabilities. The remedy for disobedience of a subpoena is punishment for contempt of court, and a police officer—or a President—who fails to obey a subpoena becomes liable for contempt in the same fashion as any other defaulting witness. (Pen. Code, § 1331.) To penalize and dismiss the case of a litigant who has no advance knowledge of a witness' default is unreasonable and unwarranted. We think a subpoenaed material witness' failure to appear for trial may constitute good cause under section 1382 for the continuance of a trial beyond its statutory period. (*People* v. *Bracamonte* (1967) 253 Cal.App.2d 980, 984 [61 Cal.Rptr. 830]; *People* v. *Salcido* (1968) 263 Cal.App.2d 1, 3 [69 Cal.Rptr. 193].) Cases suggesting the contrary all involve witnesses who had not been subpoenaed. (*Caputo* v. *Municipal Court* (1960) 184 Cal.App.2d 412 [7 Cal.Rptr. 435], absent police witness not subpoenaed; *Pickett* v. *Municipal Court* (1970) 12 Cal.App.3d 1158 [91 Cal.Rptr. 315], absent school district witnesses not subpoenaed; *Cunningham* v. *Municipal Court* (1976) 62 Cal. App.3d 153 [133 Cal.Rptr. 18], absent police witness not subpoenaed.)

Defendant conjectures that plaintiff's counsel failed to exercise due diligence in bringing his case to trial, in that a diligent prosecutor would not only have subpoenaed witnesses for the trial but also would have personally inquired before the trial setting whether a particular date for trial suited the witnesses' convenience. While such solicitude for the convenience of witnesses is most commendable, it delineates a procedure which is not a legal requirement for bringing a cause to trial. It is difficult to imagine how busy trial courts and counsel could function if in every cause personal negotiations with all interested participants became a precondition to the setting of the cause for trial. On the practice and procedure for setting causes for trial, defendant has his sequences backward. A legal obligation does not rest on the prosecutor to proceed to trial only at the convenience of witnesses, counsel, and litigants. ■ Rather a legal obligation rests on one who has been subpoenaed or ordered to attend a trial to make known promptly to the court his objections to the subpoena or order, to show particular factors of hardship or inconvenience which would make compliance with the

subpoena or order difficult, and to request relief (cf. Code Civ. Proc., § 1987.1). Courts are not unsympathetic to such requests, but they can act effectively only when such matters are brought to their attention sufficiently in advance of trial to permit reasonable adjustment of the court's calendar. Accommodation of conflicts can ordinarily be worked out, but it is the witness, counsel, or litigant who must accommodate the court, and not vice versa. ■■■ We conclude, therefore, that the prosecutor exercised due diligence in subpoenaing his witnesses for trial, and was not required to employ any additional mode of process, either formal or informal. (Pen. Code, § 1328.)

■■ Defendant next asserts that the police are an arm of the government and of the prosecutorial function, that, consequently, if a police witness disobeys a subpoena, the resulting detriment and delay are chargeable to plaintiff and not to defendant. Here, we think defendant overstates the authority of a public prosecutor in relation to peace officers and other public employees, and exaggerates the prosecutor's ability to obtain their appearance in court by means other than court process. We also think defendant overstates the authority and responsibility of a peace officer in the conduct of a public prosecution. Once an accusation reaches the sphere of the courts, authority over the conduct of proceedings lies with the courts and its judicial officers and not with the police. Although at an earlier investigatory stage the police often represent the full force of public authority and possess the capacity through their delicts to bind or estop the public weal, such is not the case after the public prosecutor has filed an accusation in court, and the court has arraigned the defendant. From that moment on, the court assumes full jurisdiction over the cause, further proceedings are under the control of the court and its judicial officers, and the police function as no more than custodial officers, investigative aides, or prospective witnesses. If a police officer disregards a subpoena issued on behalf of either the prosecution or the defense, he defaults as a witness and not as an agent of counsel. Although a police officer is usually employed and paid by some public entity, so is the prosecutor, the public defender, even the judge who presides, and the mere fact of public employment does not make a police witness a judicial officer (Pen. Code, § 1050) or make him an agent of the prosecutor with authority to bind the State of California on the matter of speedy trial. (Cf. *Neigel* v. *Superior Court* (1977) 72 Cal.App.3d 373, 378 [140 Cal.Rptr. 113], policeman not a public officer for all purposes.) As noted earlier, counsel who prosecute or defend a criminal cause are not required to anticipate a police witness' disobedience of a subpoena. When such disobedience occurs, it can

constitute good cause for a continuance, if, as here, the trial court so concludes.

Finally, defendant argues that any extension of the 45-day statutory period for bringing him to trial deprives him of his constitutional right to a speedy trial. (Cal. Const., art. I, § 15.) But the very statute which specifies a 45-day period for trial of a misdemeanor complaint (Pen. Code, § 1382) authorizes an extension of time on a showing of good cause. Since good cause was shown for a two-day extension which did not, in fact, prejudice defendant (cf. *People* v. *Wilson* (1963) 60 Cal.2d 139, 153-54 [32 Cal.Rptr. 44, 383 P.2d 452]), there was no denial of the right to a speedy trial. (*Sykes* v. *Superior Court* (1973) 9 Cal.3d 83, 89 [106 Cal.Rptr. 786, 507 P.2d 90].)

The superior court erred in ordering the action dismissed, and its judgment is reversed.

Compton, J., and Beach, J., concurred.

A petition for a rehearing was denied February 26, 1980, and the petition of plaintiff and respondent for a hearing by the Supreme Court was denied March 27, 1980.