[No. B160291. Second Dist., Div. Three. May 8, 2003.]

JOSEPH LEWIS, Petitioner, v.
JOHN A. CLARKE, as Clerk, etc., et al., Respondents.

[No. B161712. Second Dist., Div. Three. May 8, 2003.]

DONALD MITCHELL MOORE, Petitioner, v.
JOHN A. CLARKE, as Clerk, etc., et al., Respondents.

## COUNSEL

Michael P. Judge, Public Defender, Tommy Breslin and John Hamilton Scott, Deputy Public Defenders, for Petititioners.

Bill Lockyer, Attorney General, Paul H. Dobson, Acting Chief Assistant Attorney General, Andrea Lynn Hoch, Chief Assistant Attorney General, and Louis R. Mauro, Acting Assistant Attorney General, for Respondents.

Steve Cooley, District Attorney (Los Angeles), Brent Riggs and Jessica Goulden, Deputy District Attorneys, for the People as Amicus Curiae on behalf of Respondents.

## OPINION

**KITCHING, J.**—Penal Code section 1203.4, subdivision (c) states that a person who petitions for a change of plea or to set aside a verdict under section 1203.4 may be required to pay the actual cost of services rendered by the county at a rate determined by the county board of supervisors. The statute requires the court to determine the petitioner's ability to pay and gives the court discretion to order reimbursement of all or part of the cost for services. Petitioners Joseph Lewis and Donald Mitchell Moore petitioned this court for a writ of mandate, challenging a $60 fee imposed by the superior court clerk to file a petition for relief under section 1203.4.

We conclude that Penal Code section 1203.4, subdivision (c) authorizes the imposition of a fee only after the superior court determines that the petitioner has the ability to pay without undue hardship and exercises its discretion to order payment, and therefore the superior court clerk cannot impose the fee at the time of filing. We also conclude that the court may require payment of all or part of a fee predetermined by the board of supervisors and need not determine the actual cost of services rendered for each petition, and that no oral hearing is required to determine each petitioner's ability to pay.

### FACTUAL AND PROCEDURAL BACKGROUND

Lewis and Moore were convicted of unlawful possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)) in 1988 and 1987, respectively.

The Los Angeles County Board of Supervisors adopted Ordinance No. 94-0070 in 1994 adding section 4.59.010 to the Los Angeles County Code: "The fee for filing a petition for a change of plea or setting aside of a verdict under Penal Code Section 1203.4 shall be sixty dollars ($60.00) or the maximum amount permitted by law, whichever is greater." (L.A. County Code, ch. 4.59, § 4.59.010.)

Lewis and Moore each attempted to file a petition to withdraw a guilty plea or set aside the verdict under Penal Code section 1203.4. The superior court clerk refused to accept the petitions for filing because Lewis and Moore did not pay a $60 filing fee.

Lewis and Moore petitioned this court for relief, naming the superior court and its clerk as respondents. We consolidated the two original proceedings.

### CONTENTIONS

Lewis and Moore contend (1) Penal Code section 1203.4, subdivision (c) gives the court discretion to assess costs and does not authorize the court

clerk to impose a mandatory filing fee; (2) the court can assess only the actual costs incurred by the county in connection with a petition, which must be determined at a hearing, and cannot assess a predetermined fee; and (3) the court can assess costs only after conducting an oral hearing to determine the petitioner's ability to pay the costs without undue hardship.

The superior court, superior court clerk, and the People refute these contentions. They also contend the petitioner may apply for a waiver of court fees under California Rules of Court, rule 985 upon filing the petition if the petitioner cannot pay the fee without undue hardship.

DISCUSSION

1. *The Superior Court Clerk Cannot Require Payment of a Fee at the Time a Petition Is Filed*

   a. *Rules of Statutory Construction*

Our task in construing a statute is to ascertain the Legislature's intent so as to effectuate the purpose of the law. (*People v. Murphy* (2001) 25 Cal.4th 136, 142 [105 Cal.Rptr.2d 387, 19 P.3d 1129].) We begin by examining the words of the statute, giving them their usual and ordinary meaning. (*People v. Garcia* (2002) 28 Cal.4th 1166, 1172 [124 Cal.Rptr.2d 464, 52 P.3d 648]; *Murphy*, at p. 142.) We construe statutory words and clauses in the context of the statute as a whole. (*Murphy*, at p. 142.) We cannot insert what has been omitted, omit what has been inserted, or rewrite the statute to conform to a presumed intention that is not expressed. (*California Fed. Savings & Loan Assn. v. City of Los Angeles* (1995) 11 Cal.4th 342, 349 [45 Cal.Rptr.2d 279, 902 P.2d 297].) If the plain language of the statute is unambiguous and does not involve an absurdity, then the plain meaning governs. (*Garcia*, at p. 1172; *People v. Ledesma* (1997) 16 Cal.4th 90, 95 [65 Cal.Rptr.2d 610, 939 P.2d 1310].)

   b. *Statutory Framework*

      i. *Government Code Sections 26857 and 72073*

A superior court clerk cannot charge a fee for services rendered to a defendant in a criminal action unless the law specifically authorizes a fee. (Gov. Code, §§ 26857, 72073.)[1]

The California Supreme Court in *People v. Superior Court (Laff)* (2001) 25 Cal.4th 703, 738 [107 Cal.Rptr.2d 323, 23 P.3d 563], stated, "In criminal

---

[1]"No fee shall be charged by the clerk for service rendered to a defendant in any criminal action or, to the petitioner in any adoption proceeding except as provided in Section 103730

actions and proceedings the cost of court operations related to hearing and deciding the case must be borne entirely by the courts from public funds, with very few and limited exceptions. In light of this statutory scheme and legislative purpose, as well as the established tradition of public funding of the judicial system, the superior court lacks inherent authority to require the parties to pay the cost of court operations in a criminal action or proceeding, in the absence of an express statutory provision to the contrary. [Citation.]" (Fn. omitted.)

The California Supreme Court in *Bravo v. Cabell* (1974) 11 Cal.3d 834, 838 [114 Cal.Rptr. 618, 523 P.2d 658], determined that a petition for an extraordinary writ filed in the superior court arising from a criminal prosecution pending in the municipal court was so integrally connected to the criminal action that it was considered part of the criminal action for purposes of Government Code section 26857. The writ petitions in *Bravo* sought review of rulings made by the municipal court in criminal cases. (*Bravo*, at p. 836.) The court stated that the writ proceedings "initiate no new controversy but relate only to the action below." (*Id.* at p. 840.) The court therefore concluded that under Government Code section 26857 the superior court clerk could not require the defendants to pay a filing fee. (*Bravo*, at p. 840.)

■ We conclude that a petition for relief under Penal Code section 1203.4 arises from a criminal action, initiates no new controversy, and therefore is considered part of the criminal action for purposes of Government Code sections 26857 and 72073.

ii. *Penal Code Section 1203.4*

Penal Code section 1203.4, subdivision (a) provides for the withdrawal of a guilty plea or setting aside of a verdict, and the dismissal of the charge against the defendant, after the defendant has fulfilled the conditions of probation or has been discharged before the termination of the probation period, or in other circumstances where the court determines that relief should be granted.

Penal Code section 1203.4, subdivision (c) states that a person who petitions for relief under section 1203.4 may be required to pay "the actual

of the Health and Safety Code, nor shall any fees be charged for any service to the state or for any proceeding brought pursuant to Section 7841 of the Family Code to declare a minor free from parental custody or control. No fee shall be charged by the clerk for service rendered to any municipality or county in the state, or to the state or national government, nor for any service relating thereto." (Gov. Code, § 26857.)

"No fees shall be charged by the clerk for services rendered in any criminal action except for making or certifying to a copy of any filed paper, record, or proceeding when not otherwise specified by law. No charge shall be made for any service to the United States of America or any of its officers acting in his official capacity." (Gov. Code, § 72073.)

cost of services rendered" by the county "at a rate to be determined by the county board of supervisors," not to exceed $120 and may be required to pay "the actual cost of services rendered" by any city "at a rate to be determined by the city council," not to exceed $120. Subdivision (c) also states that the court "shall . . . determine []" the petitioner's ability to pay and may order "reimbursement" of all or any portion of the amount determined only if the petitioner appears to have the ability to pay that amount without undue hardship.

"A person who petitions for a change of plea or setting aside of a verdict under this section may be required to reimburse the county for the actual cost of services rendered, whether or not the petition is granted and the records are sealed or expunged, at a rate to be determined by the county board of supervisors not to exceed one hundred twenty dollars ($120), and to reimburse any city for the actual cost of services rendered, whether or not the petition is granted and the records are sealed or expunged, at a rate to be determined by the city council not to exceed one hundred twenty dollars ($120). Ability to make this reimbursement shall be determined by the court using the standards set forth in paragraph (2) of subdivision (g) of Section 987.8 and shall not be a prerequisite to a person's eligibility under this section. The court may order reimbursement in any case in which the petitioner appears to have the ability to pay, without undue hardship, all or any portion of the cost for services established pursuant to this subdivision." (Pen. Code, § 1203.4, subd. (c).)

### c. *The Superior Court Clerk Cannot Require Payment of a Filing Fee*

Penal Code section 1203.4, subdivision (c) states that the petitioner's ability to pay "shall be determined by the court" and that "[t]he court may order reimbursement in any case in which the petitioner appears to have the ability to pay, without undue hardship, all or any portion of the cost for services established pursuant to this subdivision." ▮ This language means that the court may order payment only if the court determines that the petitioner has the ability to pay. "May" ordinarily is construed as permissive, that is, a grant of discretion, while "shall" ordinarily is construed as mandatory, particularly when both terms are used in the same statute. (*Common Cause v. Board of Supervisors* (1989) 49 Cal.3d 432, 443 [261 Cal.Rptr. 574, 777 P.2d 610]; *In re Richard E.* (1978) 21 Cal.3d 349, 353-354 [146 Cal.Rptr. 604, 579 P.2d 495].) Accordingly, we construe "may" in this context to mean that the court has discretion whether to order reimbursement, and must exercise that discretion (*People v. Penoli* (1996) 46 Cal.App.4th 298, 302 [53 Cal.Rptr.2d 825] [failure to exercise discretion conferred by law is an abuse of discretion]; *Richards, Watson & Gershon v. King* (1995) 39 Cal.App.4th 1176, 1180 [46 Cal.Rptr.2d 169] [same].)

■ Penal Code section 1203.4, subdivision (c) neither states nor implies that the court clerk may charge a filing fee and does not authorize the court clerk to require payment before the court determines that the petitioner is able to pay or before the court exercises its discretion whether to order payment.

Government Code sections 26820 and 72054 expressly authorize the court clerk to collect fees for services performed by the clerk pursuant to other statutes.[2] (See, e.g., Gov. Code, §§ 26820.4 [fee for first appearance in a civil action], 26830 [motion fees].) Those statutes do not authorize the court clerk to charge a fee for filing a petition for relief under Penal Code section 1203.4. Moreover, when Penal Code section 1203.4, subdivision (c) authorizes a court to order reimbursement if the court determines that the petitioner has the ability to pay, it does not mention the court clerk. Thus it differs markedly from Government Code sections 26820 and 72054, which authorize and require the court clerk to collect filing fees without regard to any court determination. This supports our conclusion that in Penal Code section 1203.4, subdivision (c), the Legislature did not intend to authorize the court clerk to require payment of a filing fee.

Although a petitioner can request a waiver of a filing fee under California Rules of Court, rule 985, this procedure does not justify the imposition of a filing fee.[3] Penal Code section 1203.4, subdivision (c) does not authorize the court clerk to require payment of a filing fee, and a petitioner cannot be compelled to apply for a waiver of a fee that the court clerk is not authorized to collect. An application for a waiver of court fees under rule 985 ordinarily results in a court order determining the petitioner's ability to pay (Cal. Rules of Court, rule 985(d)), which resembles a court order determining a petitioner's ability to pay under Penal Code section 1203.4, subdivision (c). Nevertheless, the Legislature has provided different routes to these similar results. Under Penal Code section 1203.4, subdivision (c), only the court is authorized to order payment, and the court clerk cannot require payment at the time of filing.

---

[2]"The county clerk shall charge and collect the fees fixed in this article and in Article 2 (commencing with Section 72053) of Chapter 8 of Title 8 for service performed by the clerk, when not otherwise provided by law." (Gov. Code, § 26820; see *id.*, § 69840, subd. (a) ["The clerk of the court shall exercise or perform . . . any powers, duties, and responsibilities required or permitted to be exercised by the county clerk in connection with judicial actions, proceedings, and records."].)

"Except as otherwise provided by law, the clerk of the court shall charge the fees prescribed by this article, and the fees prescribed by Sections 26823, 26828, 26829, 26830, 26831, 26832.1, 26833.1, 26834, 26836.1, 26837.1, 26839, 26850.1, 26851.1, 26852.1, 26853.1, 26854, 26855.4, and 26863 for all services to be performed." (Gov. Code, § 72054.)

[3]We take judicial notice of Judicial Council Forms, forms 982(a)(17), 982(a)(18), and 982(a)(20) adopted pursuant to California Rules of Court, rule 985 concerning applications to proceed in forma pauperis and for waiver of additional court fees and costs.

Moreover, the standards to determine a petitioner's ability to pay under Penal Code section 1203.4, subdivision (c) differ from the standards to determine a litigant's ability to pay under rule 985 of the California Rules of Court. Penal Code section 1203.4, subdivision (c) incorporates the standards of Penal Code section 987.8, subdivision (g)(2),[4] while rule 985 incorporates the different standards of Government Code section 68511.3, subdivision (a)(6)(A) and (B).[5] An order based on an application for a waiver under rule 985 therefore cannot substitute for an order based on the court's determination under section 1203.4, subdivision (c).

### 2. The Court Can Require Payment of All or Part of a Predetermined Fee After Determining the Petitioner's Ability to Pay

■ Lewis and Moore contend Penal Code section 1203.4, subdivision (c) authorizes only an assessment of actual costs incurred in connection with a petition and does not authorize a predetermined fee. We disagree.

Penal Code section 1203.4, subdivision (c) states that a petitioner "may be required to reimburse the county for the actual cost of services rendered . . . at a rate to be determined by the county board of supervisors not to exceed one hundred twenty dollars ($120) . . . ." This provision does not require

---

[4] " 'Ability to pay' means the overall capability of the defendant to reimburse the costs, or a portion of the costs, of the legal assistance provided to him or her, and shall include, but not be limited to, all of the following:

"(A) The defendant's present financial position.

"(B) The defendant's reasonably discernible future financial position. In no event shall the court consider a period of [time] more than six months from the date of the hearing for purposes of determining the defendant's reasonably discernible future financial position. Unless the court finds unusual circumstances, a defendant sentenced to state prison shall be determined not to have a reasonably discernible future financial ability to reimburse the costs of his or her defense.

"(C) The likelihood that the defendant shall be able to obtain employment within a six-month period from the date of the hearing.

"(D) Any other factor or factors which may bear upon the defendant's financial capability to reimburse the county for the costs of the legal assistance provided to the defendant." (Pen. Code, § 987.8, subd. (g)(2).)

[5] Government Code section 68511.3, subdivision (a)(6)(A) and (B) requires the Judicial Council to adopt rules providing: "That permission to proceed in forma pauperis be granted to all of the following:

"(A) Litigants who are receiving benefits pursuant to the Supplemental Security Income (SSI) and State Supplemental Payments (SSP) programs (Sections 12200 to 12205, inclusive, of the Welfare and Institutions Code), the California Work Opportunity and Responsibility to Kids Act (CalWORKs) program (Chapter 2 (commencing with Section 11200) of Part 3 of Division 9 of the Welfare and Institutions Code), the Food Stamp program (7 U.S.C. Sec. 2011 et seq.), or Section 17000 of the Welfare and Institutions Code.

"(B) Litigants whose monthly income is 125 percent or less of the current monthly poverty line annually established by the Secretary of Health and Human Services pursuant to the Omnibus Budget Reconciliation Act of 1981, as amended."

the court to conduct a hearing to determine the actual cost of services rendered in connection with each petition. Rather, it provides that the petitioner may be required to pay a "rate" determined by the county board of supervisors.

The term "rate" in Penal Code section 1203.4, subdivision (c), interpreted in its ordinary sense, means cost per unit. Subdivision (c) does not identify the unit, but states that the petitioner may be required to reimburse the county "at a rate to be determined by the county board of supervisors not to exceed one hundred twenty dollars ($120)." We conclude that in the context of this provision, "rate" means dollars per petition. The absence of reference to another unit suggests that the rate to be charged to "[a] person who petitions . . . under this section" (*ibid.*) is per petition. Moreover, the $120 rate limit is per petition, because the statute in no way suggests that the $120 limit is per hour or per other unit.

Lewis and Moore contend a "rate" means dollars per hour or dollars per unit other than petition. They support their argument by inserting a comma in the phrase "rate to be determined by the county board of supervisors not to exceed one hundred twenty dollars ($120)," so the statute would read "A person who petitions for a change of plea or setting aside of a verdict under this section may be required to reimburse the county for the actual cost of services rendered, whether or not the petition is granted and the records are sealed or expunged, at a rate to be determined by the county board of supervisors[,] not to exceed one hundred twenty dollars ($120)." According to Lewis and Moore, insertion of the "missing" comma makes it clear that the $120 limit applies to the total amount of required reimbursement rather than the rate, so the $120 limit does not imply that "rate" means dollars per petition. Lewis and Moore offer no compelling reason to insert a comma, however, and insertion of a comma is not necessary to avoid an absurdity that the Legislature could not have intended, so we will not insert a comma where there is no comma.

Penal Code section 1203.4, subdivision (c) formerly provided that the board of supervisors could establish a rate for reimbursement not to exceed $60. (Stats. 1989, ch. 917, § 11, p. 3190.) The superior court clerk determined in 1994 that the actual cost of services provided in connection with a petition was at least $60 and recommended that the board of supervisors adopt an ordinance pursuant to Penal Code section 1203.4, subdivision (c) establishing a fee of $60 or the maximum amount permitted by law, whichever is greater. The board of supervisors adopted the proposed ordinance in 1994. Although the ordinance purports to establish a "fee for filing" a petition, rather than to determine a "rate" for reimbursement of the actual

cost as provided by the statute, the purpose of the ordinance is to determine pursuant to the statute an estimate of the actual cost of services rendered per petition. We conclude that the ordinance establishes the rate of $60 per petition.[6] (L.A. County Code, ch. 4.59, § 4.59.010.)

### 3. *No Oral Hearing Is Required to Determine the Petitioner's Ability to Pay*

■ The superior court can impose all or part of the fee only after the court determines the petitioner's ability to pay, as stated *ante*. The court need not conduct an oral hearing to determine the petitioner's ability to pay, as Lewis and Moore contend. Penal Code section 1203.4, subdivision (c) does not state that a hearing is required, but states that the court shall determine the petitioner's ability to pay "using the standards set forth in paragraph (2) of subdivision (g) of Section 987.8." Those standards concern the factors to consider in determining a person's ability to pay, not the procedural requirements for that determination.[7] Penal Code section 987.8, subdivision (b) requires "notice and a hearing" before a court determines a defendant's ability to pay for legal assistance. Penal Code section 1203.4, subdivision (c) does not incorporate the hearing requirement of Penal Code section 987.8, subdivision (b), however, but incorporates only the standards set forth in Penal Code section 987.8, subdivision (g)(2).

The fact that in describing those standards Penal Code section 987.8, subdivision (g) twice refers to "the date of the hearing" as a time reference does not indicate that by incorporating those standards Penal Code section 1203.4, subdivision (c) also incorporates the hearing requirement of Penal Code section 987.8, subdivision (b).

To determine the petitioner's ability to pay using the standards of Penal Code section 987.8, subdivision (g)(2), the court must consider evidence of the petitioner's financial position and other matters. (See *ibid.*) That evidence need not be presented at an oral hearing, but can be presented by declaration.

### DISPOSITION

The petitions for writ of mandate are granted. The superior court clerk is directed to accept for filing, without requiring payment of a filing fee, any

---

[6]This proceeding does not present the question and we therefore do not decide which particular expenses the board of supervisors can consider in determining a rate for reimbursement of "the actual cost of services rendered" (Pen. Code, § 1203.4, subd. (c)).

[7]Penal Code section 987.8, subdivision (g)(2) is quoted *ante* in footnote 4.

petition for relief under Penal Code section 1203.4. The superior court is directed to order a petitioner to pay all or any portion of the rate determined by the county board of supervisors only after the court determines, using the standards of Penal Code section 987.8, subdivision (g)(2), that the petitioner has the ability to pay that amount without undue hardship.

Klein, P. J., and Croskey, J., concurred.

A petition for a rehearing was denied June 5, 2003, and the opinion was modified to read as printed above.