[No. D051512. Fourth Dist., Div. One. Apr. 30, 2008.]

EDUARDO MENDEZ, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Steven J. Carroll, Public Defender, Saba Sheiban and Laura Arnold, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Bonnie M. Dumanis, District Attorney, Jesus Rodriguez, Assistant District Attorney, Catherine Stephenson and D. Elisabeth Silva, Deputy District Attorneys, for Real Party in Interest.

**OPINION**

**O'ROURKE, J.**—Eduardo Mendez seeks a writ of prohibition against the trial court's order denying his motion to dismiss under Penal Code section 1382.[1] Mendez contends (1) the People, in seeking a continuance, failed to comply with the written notice and pleading requirements of section 1050, subdivision (b); (2) the prosecutor's scheduling problems did not require a continuance of as many as 10 days; (3) a police officer's unavailability to testify at trial did not constitute good cause for the continuance; and (4) in ruling on the motion to dismiss, the trial court was limited to considering evidence presented at the section 1050 motion hearing. We conclude the trial court, in ruling on the section 1382 motion, could consider information not presented at the section 1050 hearing; accordingly, we deny the petition for writ of prohibition.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 31, 2007,[2] Eduardo Mendez entered a not guilty plea to misdemeanor charges of willful infliction of corporal injury; battery of a spouse or cohabitant; and using or being under the influence of a controlled substance. (§§ 273.5, subd. (a), 243, subd. (e)(1); Health & Saf. Code, § 11550, subd. (a).) He was released on his own recognizance. Trial was scheduled for June 27.

On Wednesday, June 27, Jennifer Kaplan, the deputy district attorney assigned to the Mendez case, was in a different trial. Deputy District Attorney Claudine Ruiz specially appeared on Kaplan's behalf and moved for a continuance because the police officer who was a material witness in the underlying case was on a preplanned prepaid vacation to Chicago until July 10. At the hearing on the motion, Ruiz informed the court that the People had learned about the officer's unavailability the previous afternoon. The officer had been subpoenaed, but Ruiz did not know if he had been released from the subpoena.

It appears Ruiz did not know—and defense counsel did not inform the court—that on Friday, June 22, Kaplan and defense counsel had exchanged e-mails regarding the officer's unavailability.[3]

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

[2] All dates refer to 2007 unless otherwise stated.

[3] The People submitted as an attachment to Kaplan's declaration, filed in opposition to a subsequent motion to dismiss, a copy of the following e-mail exchange:

Kaplan's first e-mail to defense counsel stated, "I left you a [voice mail] but just wanted to

Defense counsel objected at the hearing that the People had not complied with the written notice and pleading requirements of section 1050. Defense counsel stated, "I have no opposition, obviously, to trail this behind [Kaplan's] current trial. . . . According to the defense attorney that's on that case, the case should conclude, at the latest, by the morning. My client's time ends on Monday so we could definitely pick our jury by Monday."

The trial court granted a continuance until July 11, noting, "This is a very simple motion. The officer was served; he went on vacation anyway. And, of course, to continue this until he is back is going to run afoul of the no-time-waiver dates. [¶] I'm going to side with the case that basically finds good cause to continue when the [district attorney] has served the witness, and the witness, being a police officer, nevertheless has a prepaid vacation and leaves." The trial court explained that it would have been better for the People to file a written motion, if they had had sufficient time to do so.

On July 2, Mendez moved to dismiss the case under section 1382, contending his right to a speedy trial had been violated. The People opposed, and Kaplan provided a declaration stating, "The testimony of [the unavailable officer] is material, not merely cumulative, and the facts to which he is expected to testify cannot otherwise be proven. [The officer] was the responding officer to a domestic violence incident. He is the one who observed the victim's injuries, a necessary element of Count One. He also took statements from all witnesses. Witnesses in domestic violence cases often change their stories. [The officer] is the only witness who can testify to the original statements."

At a July 11 hearing, the trial court denied the motion, ruling, "I think primarily the [section] 1050(g)(2) argument has been—I wouldn't say mis-construed, but I think not entirely represented in the correct light by the defense. [¶] In reading that section, it seems to have been overlooked that the way that reads—it says, for purposes of this section, and I quote, 'good cause,' unquote, 'includes but is not limited to those cases involving, amongst

---

give you a heads up that the officer on the Mendez case will be out of town June 28-July 10 on a prepaid vacation. So I'll be asking for a continuance if it doesn't settle. Just giving you a heads up."

Defense counsel replied, "I think my client's time runs on July 2. It is a no time waiver case. I don't believe officer vacation is good cause to continue beyond the no time waiver date. Maybe we can resolve the case in order to avoid any 1050/speedy issues."

Kaplan responded, "Make me a counteroffer that doesn't begin with 'PC4.' . . . If need be, I can do the trial without the officer. In any case, I have a trial starting Monday so ours will have to trail."

other things, domestic violence.' And so the good cause is if this is a domestic violence case and the prosecuting attorney is assigned to another trial or a preliminary hearing, a continuance shall be limited. And basically it does say the continuance is limited to ten days. But it also says that the circumstance—if you have a [domestic violence] case for which the [district attorney] cannot announce ready because she's in another trial, that's considered good cause. So that in and of itself, *those facts, existed; everybody knew they existed.* . . . [¶] At the hearing on June 27th, it was unfortunate that we didn't have the declaration of the People that has now been filed which basically clarifies that neither Ms. Kaplan nor anyone else had released the officer from the [subpoena]. That basically takes it out of the facts of [*Baustert v. Superior Court* (2005) 129 Cal.App.4th 1269, 1275 [29 Cal.Rptr.3d 208] (*Baustert*)]. There's been no release of the officer. It certainly would have been better practice to have had a formal [section] 1050 motion filed with the affidavit and that would have given the court many more facts than it had at the time. What I basically had there was really the facts that justified the continuance under [section] 1050(g)(2), the actual facts regarding whether this was a *Baustert* Case or a [*Gaines v. Municipal Court* (1980) 101 Cal.App.3d 556 [161 Cal.Rptr. 704] (*Gaines*)] factual scenario. We really didn't find out until just recently when this motion was filed. [¶] Because of my finding on the [section] 1050(g)(2) issue, I think there was a good cause for the continuance [on] June 27. I also think that the facts do not justify the *Baustert* argument raised by defense, and I think the *Gaines* case basically covers that issue." (Italics added.)

Based on the parties' stipulation, the trial court granted a stay in the proceedings for Mendez to file a writ of mandate with the appellate division of the superior court, which denied the writ petition. Mendez filed this petition for writ of prohibition.

## DISCUSSION

### I.

Mendez contends the People did not comply with section 1050 because they failed to file a written notice of the motion for a continuance; further, the trial court "did not require any showing of good cause to excuse the noncompliance; nor did [it] make any factual findings to support the decision to even entertain the motion."

Section 1050, subdivision (b) provides as follows: "To continue any hearing in a criminal proceeding, including the trial, (1) a written notice shall be filed and served on all parties to the proceeding at least two court days before the hearing sought to be continued, together with affidavits or declarations detailing specific facts showing that a continuance is necessary and (2) within two court days of learning that he or she has a conflict in the scheduling of any court hearing, including a trial, an attorney shall notify the calendar clerk of each court involved, in writing, indicating which hearing was set first."

Section 1050, subdivision (c) states, "Notwithstanding subdivision (b), a party may make a motion for a continuance without complying with the requirements of that subdivision. However, unless the moving party shows good cause for the failure to comply with those requirements, the court may impose sanctions as provided in [s]ection 1050.5."

Section 1050, subdivision (d) states, "When a party makes a motion for a continuance without complying with the requirements of subdivision (b), the court shall hold a hearing on whether there is good cause for the failure to comply with those requirements. At the conclusion of the hearing, the court shall make a finding whether good cause has been shown and, if it finds that there is good cause, shall state on the record the facts proved that justify its finding. A statement of the finding and a statement of facts proved shall be entered in the minutes."

■ "Thus, where a party seeking a continuance fails to comply with the notice requirements, the trial court must make a two-step decision. It must first determine whether there was good cause for failure to comply with those requirements. If there was not good cause, the court must deny the motion. [Citation.] If the court finds there was good cause for failure to comply, it must then decide whether there is good cause for granting a continuance." (*People v. Harvey* (1987) 193 Cal.App.3d 767, 771 [238 Cal.Rptr. 516].)

■ The "trial court has broad discretion to determine whether good cause exists to grant a continuance of the trial." (*People v. Jenkins* (2000) 22 Cal.4th 900, 1037 [95 Cal.Rptr.2d 377, 997 P.2d 1044].) A showing of good cause necessitates "a demonstration that both the party and counsel have used due diligence in their preparations." (*People v. Mickey* (1991) 54 Cal.3d 612, 660 [286 Cal.Rptr. 801, 818 P.2d 84].) The trial court's exercise of discretion "must not be disturbed on appeal except on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice." (*People v. Jordan* (1986) 42 Cal.3d 308, 316 [228 Cal.Rptr. 197, 721 P.2d 79], italics omitted; see also *People v. Rodrigues* (1994) 8 Cal.4th 1060, 1124 [36 Cal.Rptr.2d 235,

885 P.2d 1].) Mendez bears the burden of establishing that the grant of the continuance was an abuse of discretion. (*People v. Beeler* (1995) 9 Cal.4th 953, 1003 [39 Cal.Rptr.2d 607, 891 P.2d 153].)

■    Here, the trial court complied with section 1050, subdivision (c) in permitting the People to move for a continuance without complying with the notice and pleading requirements of section 1050, subdivision (a). Ruiz informed the trial court that Kaplan was in another trial, and the People had received late notice of the officer's unavailability. Based on that information, the trial court impliedly found that the People lacked sufficient time to comply with section 1050's requirements to provide written notice and pleadings. The record does not indicate that the trial court sanctioned the People as section 1050, subdivision (c) allowed; rather, the trial court specifically found good cause existed to continue the hearing based on the officer's unavailability. We conclude the lack of written notice did not invalidate the trial court's good cause finding.

Although it does not alter our analysis, we note that the prosecution had a duty to communicate to the court all the facts surrounding the prosecution's knowledge regarding the officer's unavailability. "Such representation by counsel, as an officer of the court, should not be made lightly or without due consideration. An attorney has a duty '[t]o employ, for the purpose of maintaining the causes confided to him or her such means only as are consistent with truth, and never to seek to mislead the judge or any judicial officer by any artifice or false statement of fact or law.' (Bus. & Prof. Code, § 6068, subd. (d).) Further, a member of the State Bar '[s]hall not seek to mislead the judge, judicial officer, or jury by an artifice or false statement of fact or law.' (Rules Prof. Conduct, rule 5-200(B).) ' "Honesty in dealing with the courts is of paramount importance, and misleading a judge is, regardless of motives, a serious offense." ' [Citations.] 'Counsel should not forget that they are officers of the court, and while it is their duty to protect and defend the interests of their clients, the obligation is equally imperative to aid the court in avoiding error and in determining the cause in accordance with justice and the established rules of practice.' " (*Williams v. Superior Court* (1996) 46 Cal.App.4th 320, 330 [53 Cal.Rptr.2d 832].) In this case, Ruiz did not inform the court, and she apparently was unaware, that Kaplan had known about the officer's unavailability two calendar days earlier than was represented to the court. Kaplan had also discussed with defense counsel the possibility of proceeding with the case despite the officer's unavailability. We do not believe Ruiz made any misrepresentations to the court; rather, it appears there was a miscommunication or no communication between Kaplan and Ruiz.

## II.

■ Mendez contends that to the extent the trial court granted the continuance because of Kaplan's unavailability, a continuance for as many as 10 days was unnecessary under section 1050, subdivision (g)(2), because it was anticipated Kaplan's other trial would conclude as early as the same day Mendez's trial was scheduled to begin, which was several days before the 10-day continuance ran. Section 1050, subdivision (g)(2) provides that when the underlying case involves, as relevant here, domestic violence, a trial court may find "good cause" for a continuance of a maximum of 10 additional court days if the prosecuting attorney has another case in progress.

Section 1050, subdivision (g)(2), by its terms, permitted the continuance the trial court granted, and Mendez provides no authority or valid argument for restricting the statute's scope in this instance, or to show the trial court abused its discretion in granting the continuance. Even if Kaplan was available to begin Mendez's trial before the expiration of the 10-day continuance, the police officer's absence also presented a valid reason for the maximum time allowable, as we discuss next.

## III.

Mendez contends the officer's unavailability to testify at trial did not constitute good cause for the continuance. Section 1050, subdivision (g)(1) states, "When deciding whether or not good cause for a continuance has been shown, the court shall consider the general convenience and prior commitments of all witnesses, including peace officers."

■ "A showing of good cause requires that the party seeking a continuance has prepared for trial with due diligence. Particularly, when the party seeks a continuance to secure a witness's testimony, the party must show that he exercised due diligence to secure the witness's attendance, that the witness would be available to testify within a reasonable time, that the testimony was material and not cumulative," and the facts about which the witness is expected to testify cannot otherwise be proven. (*People v. Henderson* (2004) 115 Cal.App.4th 922, 934 [9 Cal.Rptr.3d 655], fns. omitted (*Henderson*); accord, *Owens v. Superior Court* (1980) 28 Cal.3d 238, 250–251 [168 Cal.Rptr. 466, 617 P.2d 1098] (*Owens*).)

Here, the trial court impliedly found the *Owens* conditions were met based on Ruiz's representations at the hearing on the motion to continue. In any event, section 1050, subdivision (*l*) specifies, "This section is directory only and does not mandate dismissal of an action by its terms." (See *Henderson, supra*, 115 Cal.App.4th at p. 934.)

In *Gaines, supra,* 101 Cal.App.3d 556, a police officer who was a material witness was subpoenaed to testify at trial but became unavailable to testify as scheduled because he took vacation. The court stated that until plaintiff's counsel receives information to the contrary, counsel is entitled to assume that a duly subpoenaed witness will respond to the court order on the scheduled day, and held that, "[t]o penalize and dismiss the case of a litigant who has no advance knowledge of a witness' default is unreasonable and unwarranted. We think a subpoenaed material witness' failure to appear for trial may constitute good cause . . . for the continuance of a trial beyond its statutory period." (*Id.* at p. 560.) Here, the relevant facts are identical, and we conclude that, under *Gaines,* the trial court did not err in finding good cause existed to grant the continuance. We note that Mendez's writ petition nowhere cites to the controlling *Gaines* case, although the People referred to it at the hearing regarding the continuance and the trial court expressly relied on it.

Instead, Mendez relies on this court's decision in *Baustert v. Superior Court, supra,* 129 Cal.App.4th 1269 which, as the trial court found, is factually distinguishable. In *Baustert,* the People did not exercise due diligence in attempting to secure a police officer's presence at trial. Rather, although the officer initially was subpoenaed to appear for the trial date, the People voluntarily released her from the subpoena and unilaterally served her with another one requiring her appearance on a date past the statutory deadline. Moreover, the People did not indicate whether the officer's vacation placed her outside of the court's jurisdiction at the time of trial. (*Id.* at p. 1278.) In that context, the court held, "[T]he fact that a witness plans to be on vacation cannot alone constitute good cause for a continuance." (*Id.* at p. 1279.) By contrast, here, the officer was under subpoena; he had not been released by the People, but nonetheless took his vacation outside the court's jurisdiction. As the *Gaines* court ruled, "The remedy for disobedience of a subpoena is punishment for contempt of court," but not dismissal of the case. (*Gaines, supra,* 101 Cal.App.3d at p. 560.)

### IV.

Mendez contends that a trial court, in ruling on a section 1382[4] motion, may rely only on evidence the parties provided at a section 1050 hearing; specifically, "affidavits or declarations detailing specific facts showing that a continuance is necessary." (1050, subd. (b).) Mendez adds, "The reason for these requirements is obvious. The record and minutes must be clear as to the

---

[4] Section 1382, subdivision (a)(3) states that when good cause exists, a trial court shall order dismissed an action, unless good cause to the contrary is shown, "when the complaint is filed, when a defendant in a misdemeanor or infraction case is not brought to trial within 30 days after he or she is arraigned or enters his or her plea, whichever occurs later."

facts proved, on which the court found good cause to continue the hearing for a particular time period, so that a subsequent court, considering a motion to dismiss under section 1382, can determine whether good cause existed to continue the trial beyond the statutory period."

■ Mendez points to nothing in the language of section 1050 or 1382, their legislative histories, or any other authority, to support this contention, and we found none. We will not read into section 1382 a restriction that the Legislature chose to omit. (See *Lewis v. Clarke* (2003) 108 Cal.App.4th 563, 567 [133 Cal.Rptr.2d 749] ["We cannot insert what has been omitted, omit what has been inserted, or rewrite the statute to conform to a presumed intention that is not expressed"].)

This contention fails to take into account the differences between the two statutes. Section 1050 deals with calendaring matters, and is directory only. By contrast, section 1382 exists to protect a defendant's constitutional right to a speedy trial, and for that purpose mandates dismissal of an action unless good cause is shown for the failure to bring the case to trial within the period specified in the statute. (*Paredes v. Superior Court* (1999) 77 Cal.App.4th 24, 28 [91 Cal.Rptr.2d 350].) Mendez has not presented any compelling reasons for a trial court, presented with a motion to dismiss, to limit its factfinding to evidence presented at a previous motion for a continuance. We believe instead that in light of the drastic nature of a dismissal, Mendez's position unnecessarily restricts information trial courts could consult in deciding a section 1382 motion. The trial court will make a more informed decision if it relies on whatever relevant information the parties timely provide.

Mendez does not specify what evidence the trial court consulted at the section 1382 hearing that was not presented at the section 1050 hearing. To the extent Mendez might be referring to Kaplan's declaration, it assisted the trial court to assess the materiality and necessity of the officer's proposed testimony. Specifically, the declaration stated the officer's testimony was necessary because in domestic violence cases the victims often change their testimony.

## DISPOSITION

The petition for writ of prohibition is denied. The opinion will be final as to this court 10 days after the date of filing. (Cal. Rules of Court, rule 8.264(b)(3).)

Huffman, Acting P. J., and Haller, J., concurred.

A petition for a rehearing was denied May 9, 2008, and petitioner's petition for review by the Supreme Court was denied July 16, 2008, S163716.